Falon agt. Keese.

---

## SUPREME COURT.

### FALON agt. KEESE.

The *notice* that an assignor will be examined, must specify the *points* upon which it is intended to examine him.

*Canton General Term, September,* 1853. HAND, P. J., CADY & ALLEN, J. J.

This was an appeal from the judgment of the County Court, affirming the judgment of the justice. The demand upon

which the suit was brought had been assigned to the plaintiff; who gave the following notice of the examination of the assignor: (Title of the cause.) "Before George Moore. To the above named defendant: Sir,—Take notice, that William Keough has assigned to me a contract or agreement made or entered into between you and said Keough, on or about the 10th day of April, 1852, whereby you agreed to pay said Keough $15 a month for six months from said date, and to furnish said Keough a house and garden, and fuel for said house for said term, and said Keough agreed to work for you for the consideration aforesaid, during said term; and further take notice that on the trial of this cause before George Moore, Justice of the peace, I shall examine the said William Keough as a witness on the part of the plaintiff.

Yours, &c., Daniel Falon, by

A. B., his attorney."

Keough was called as a witnesss for the plaintiff, and examined, although the defendant objected that the notice was insufficient, and that the witness was interested.

The justice gave judgment for the plaintiff, which was affirmed by the County Court, and defendant appealed.

D. S. McMasters, *for Defendant.*
W. R. Jones, *for Plaintiff.*

*By the Court*—HAND, P. J.—The statute requires that ten days' notice of the intended examination of the assignor, " specifying the points upon which he is intended to be examined, shall be given in writing to the adverse party." (*Code,* § 399.) That was not done in this case. The notice set out the contract, and stated that it had been assigned to plaintiff; and that the plaintiff would examine his assignor. Not one word is said as to the points or subject upon which the examination was to be. It is not even stated that the suit was brought on the contract that had been assigned, or that any thing was or ever had been due on it. No information was given whether the examination was to be in respect to the making of the contract, or the labor done, or the payments made, or in relation

NEW-YORK PRACTICE REPORTS. **343**

to the house and garden, &c., or the assignment, nor indeed, that the examination will be in relation to the contract at all.

This practice of assigning demands not negotiable, for the purpose of making the assignor a witness, is liable to great abuses; and there should be, at least, a substantial compliance with the statute.

Judgment reversed.