Bradley *v.* Kent.

---

## BRADLEY *et al. v.* KENT.

THE "amount in controversy," which, in actions on contract, determines the jurisdiction of a Justice's Court, is the principal sum sued for exclusive of costs.

A Justice's Court, or a County Court on appeal from a Justice's Court, does not necessarily exceed its jurisdiction by rendering a judgment for more than two hundred dollars. The judgment may exceed the "amount in controversy" upon which alone the jurisdiction depends.

The provisions of Sec. 422 of the Practice Act, authorizing parties to be examined as witnesses on their own behalf, are applicable to Justices' Courts.

A notice for a party to testify, under Sec. 22 of the Practice Act, while it need not set forth all the evidence, or each particular fact, upon which the party intends to be examined, must specify each particular subject matter respecting which he intends to testify with a reasonable degree of certainty and particularity. It is insufficient to merely refer to the issues or the allegations of the pleadings.

A notice for a party to testify, stated the points as follows: "And the points upon which it is intended to examine said Charles Kent, defendant, on said trial will be on every issue made by complaint and answer now on file in said cause, and every allegation contained in plaintiffs' said complaint denied by

12

defendant's answer, and particularly concerning the matters alleged by plaintiffs on transfer of note to Charles Kent by Vandiven, also all the allegations made by plaintiffs concerning protest, demand, presentment, and notice, and averred waiver of demand, denied by defendant: *held*, that the notice was too uncertain and indefinite to authorize any examination of defendant on his own behalf.

APPEAL from the County Court of Nevada County.

The facts are sufficiently stated in the opinion.

*Harmon & Hartly* and *J. J. Caldwell*, for Appellant.

I. The Court erred in refusing to allow Charles Kent to testify on the trial in said cause. (Prac. Act, Secs. 422, 620; 1 Bouv. Law Dict. defining "Point;" New York Prac. Sec. 399; *Fallan* v. *Kus*, 8 How. Pr. 341; *Benham* v. *The New York C. R. Co.* 13 How. 198; *Clement* v. *Adams*, 1 Id. 166; *Collins* v. *Knapp*, 18 Barb. 532; *Gabble* v. *Kung*, 11 How. 248; *Farly* v. *Flanagan*, 1 Smith, 313; *Bushill* v. *Gwyam*, 2 Abbot, 79.)

II. The Court erred in rendering a judgment for the sum of two hundred and four dollars for the reason said Court has not jurisdiction over the subject matter of the judgment. (*Fillett* v. *Engler*, 8 Cal. 76; *Black* v. *Herrick*, 5 Id. 279; *Zander* v. *Coe*, Id. 230; *Hart* v. *Moon*, 6 Id. 161; *Freeman* v. *Powers*, 7 Id. 104.)

*John Garber*, for Respondent.

I. The sum claimed in the declaration or complaint, and not the judgment rendered, is the test of jurisdiction. (3 Ind. 548; *Middleton* v. *Hawes*, 6 Blackf. 397; *Swift* v. *Woods*, 5 Id. 97; *Wetherill* v. *Inhabitants, etc.*, Id. 357; *Barnum* v. *Small*, 4 Ind. 50; *Strong* v. *Daniels*, 3 Mich., Gibbs, 466; *Bridge* v. *Ballew*, 11 Texas, 269; *Pharis* v. *Carver*, 13 B. Mon. 236; *Ballinger* v. *Ford*, 14 Barb. 250; *Fenton* v. *Harred*, 17 Penn. 158; 1 Morris, 316; *Sherma* v. *Clark*, 3 McLean, 91; *Yager* v. *Hannah*, 6 Hill, 631; *Butler* v. *Potter*, 17 Johns. 145.)

In this case the sum claimed, exclusive of interest, is less than two hundred dollars — the defendant appeared — so the Court acquired jurisdiction both of the subject matter and of the person.

II.   The notice for a party to testify must be more specific than the pleadings.   A notice that defendant will be examined on all the matters in issue is clearly insufficient, for a mere notice of the intention to testify would give the same information.

No witness in any case can testify except upon the issue joined. The *allegata* and *probata* must always correspond, and to hold such a notice sufficient would be to render nugatory that part of the statute which requires the points to be specified.   The object of the statute would be best effected by requiring the notice to contain the proposed evidence in full.   But this notice is insufficient under a much less stringent construction.   The specification must at least be as definite as in a bill of particulars.   (*Pattison* v. *Johnson,* 15 How. Pr. 289 ; *Wiggins* v. *Gans,* 3 Sand. 738; *Conor* v. *Hutchinson,* 17 Cal. 279 ; see also *Falon* v. *Keese,* 8 How. Pr. 341 ; *Benham* v. *New York Cen. R. Co.,* 13 Id. 198.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This action was commenced in a Justice's Court to recover the amount due on a promissory note for one hundred and ninety-three dollars and thirteen cents, with cost of protest and interest.   It was appealed to the County Court, where the plaintiffs recovered judgment for two hundred and four dollars, and the defendant appeals therefrom to this Court.

The appellant contends that the County Court had no jurisdiction to render judgment for a sum exceeding two hundred dollars, and that the judgment in this case is therefore void, and refers to the case of *Fillett* v. *Engler* (8 Cal. 76).   In that case the suit in controversy was commenced before a Justice of the Peace for the sum of two hundred dollars, but the defendant appeared and confessed judgment for three hundred dollars ; and the Court held that Justices of the Peace could not entertain suits for money demands " where the amount in controversy exceeds two hundred dollars " and that consent of parties could not extend this jurisdiction.   It was not there held that Justices' Courts could not render judgments for sums exceeding two hundred dollars.   The " amount in controversy " is what determines the jurisdiction.   In this case it was the

amount of the note, exclusive of interest and costs—that is, one hundred and ninety-three dollars and thirteen cents—and clearly within the jurisdiction of the Justices' and County Courts. The Constitution establishes the jurisdiction of the District Courts over all civil cases " where the amount in dispute exceeds two hundred dollars, exclusive of interest," leaving the Legislature to confer jurisdiction in all such cases where the amount in dispute is two hundred dollars and under, exclusive of interest, upon inferior Courts, and this they have done in the act organizing Courts of Justice (Wood's Dig. 155, Sec. 67) where Justices' Courts are authorized to take jurisdiction " of an action arising on contracts for the recovery of money only, if the sum claimed, exclusive of interest, does not exceed two hundred dollars." (*Zander* v. *Coe*, 5 Cal. 230.)

The appellant also contends that the County Court erred in refusing to permit the defendant to testify as a witness on the trial of the cause on his own behalf. He claimed the right to be thus examined, under the amendment of Sec. 422 of the Practice Act, adopted in 1861. (Stat. of 1861, 521, 522.) He introduced a notice duly served on plaintiffs' attorney, more than ten days before trial. The notice states the points on which he is proposed to be examined, as follows: " And the points upon which it is intended to examine said Charles Kent on said trial will be on every issue made by complaint and answer now on file in said cause, and every allegation contained in plaintiffs' complaint denied by defendant's answer, and particularly concerning the matters alleged by plaintiffs on transfer of note to Charles Kent by Vandiven; also all the allegations made by plaintiffs concerning protest, demand, presentment, and notice, and averred waiver of demand denied by defendant."

The respondents insist that this amendment to Sec. 422 does not apply to Justices' and County Courts, but in this they are mistaken. Sec. 620 of the Practice Act provides that the provisions of Title XI of that act, so far as consistent with the jurisdiction and powers of Justices' Courts, shall be applicable thereto ; and Title XI includes Sec. 422. We see nothing in this section as amended inconsistent with the jurisdiction and powers of these Courts. But the principal ground of objection is to the notice

itself, that it is not sufficiently specific in its statement of the points on which the party is intended to be examined. The language of the statute is that notice must be given of such intended examination, " specifying the points upon which such party or person is intended to be examined." The statute clearly requires that the points shall be specifically set forth; that is, they are not to be stated in general terms. As to the degree of particularity, we do not deem it necessary to set forth in the notice all the evidence he intends to offer, or each particular fact that he intends to state; but it must set forth each particular subject matter respecting which he intends to testify, with a reasonable degree of certainty and particularity. In fact, attorneys, in drawing notices under this statute, cannot be too particular in specifying the points on which they intend to examine the party. It is entirely insufficient to merely refer to the issues made up by the pleadings, or to the allegations of the pleadings. (*Falon* v. *Keese*, 8 How. Pr. 341; *Benham* v. *New York Central Railroad Co.*, 13 Id. 198; *Pattison* v. *Johnson*, 15 Id. 289.)

Tested by the rule thus laid down, the notice in this case is clearly insufficient, and the Court, therefore, correctly refused to permit the defendant to testify as a witness on his own behalf. It refers entirely to the issues made by the pleadings, and to the allegations in the pleadings. The latter part of the notice refers to allegations of the plaintiffs upon certain matters, without stating whether these are to be found in the pleadings or are mere outside talk. This is entirely too general, uncertain, and indefinite.

For these reasons the judgment is affirmed.