DRISCOLL ET AL., appellants, *v.* DUNWOODY ET AL., respondents.

REAL ESTATE. — *State of facts under which the title to real estate is not involved in an action before a justice of the peace.* — This action was originally brought before a justice of the peace for the recovery of two tons of silver ore, or the value thereof, alleged to have been taken by defendants from a mining claim owned by plaintiffs. Defendants denied said taking and the existence of said mining claim; and upon judgment being rendered against them, plaintiffs appealed to the district court, where another trial was had, with the same result. Evidence was admitted on the part of the defendants

tending to show that the apex of the vein from which the ore had been taken was not within the limits of plaintiffs' claim, to which plaintiffs objected, on the ground that it involved title to real estate, which question could not be raised, inasmuch as the case had not been certified to the district court by the justice under section 779, division 1, Compiled Statutes of Montana. *Held,* that the title to real estate was not necessarily involved in the action, and that there was no error in admitting said testimony of defendants.

*Evidence held admissible on rebuttal.* — After the admission of testimony on the part of defendants tending to show that the ore claimed had been taken from a vein whose apex was in a mining claim adjacent to plaintiffs' claim, the plaintiffs offered evidence in rebuttal tending to show that the apex of said vein was within their claim. *Held,* that it was error not to admit the said evidence of the plaintiffs.

PLEADING. — *Allegations held sufficient to admit of a defendant's proving that the title to personal property claimed was in a third person.* — In the case at bar, defendants denied both the existence of plaintiffs' mining claim and the taking of any ore therefrom. *Held,* that defendants could show that the title to the ore claimed by plaintiffs was in a third person.

*Appeal from District Court, Silver Bow County.*

McBRIDE & HALDORN, for the appellants.

The title to ore extracted by a wrong-doer remains in the owner of the land. Morrison's Mining Digest, 253; *Johnson* v. *Elwood,* 53 N. Y. 433; *Leadville Mining Co.* v. *Fitzgerald,* 4 Mor. Min. Rep. 380; *Stevens & Leiter* v. *Murphy,* 4 Mor. Min. Rep. 380. A mere trespasser cannot set up title in a third person. Wells on Replevin, secs. 693–695.

The question of the locality of the apex of the vein had been raised by defendants without their having pleaded anything to indicate such course on their part, and plaintiffs could not be expected to forestall such defense.

Plaintiffs were not required, in the first instance, to show the locality of the apex of this lead. *Leadville Mining Co.* v. *Fitzgerald,* 4 Mor. Min. Rep. 380; *Stevens & Leiter* v. *Murphy,* 4 Mor. Min. Rep. 380–385.

Such evidence was therefore proper rebuttal testimony, and should have been allowed.

Instruction numbered 1, given at the request of de-

fendants, is clearly erroneous, for it is perfectly proper for a plaintiff to prove title to land, for the purpose of proving the ultimate fact of title to ore, in an action of of replevin. *Grewell* v. *Walden*, 23 Cal. 170; *Halleck* v. *Mixer*, 16 Cal. 574; *Atherton* v. *Fowler*, 96 U. S. 513; Wells on Replevin, secs. 80, 58, 60.

And a controversy raised by a mere trespasser, without right or color of title, will not defeat the action. See same cases cited above.

KNOWLES & FORBIS, for the respondents.

It was incumbent on appellants to prove: 1. The title to the land claimed; and 2. That the ore was extracted from such claim; and failing in either particular, they could not recover. See *Halleck* v. *Mixer*, 16 Cal. 574.

The appellants did not attempt to prove title. Had appellants offered to prove title to the land, it would have been proper in the court to have rejected such evidence. The title to land cannot be raised in a justice's court. Nor can it be raised on appeal from the justice's court. Rev. Stats., sec. 759, p. 181.

This action was not certified to the district court under this section, but appellants insisted upon a trial in the justice's court, and then appealed from the justice's judgment.

By verifying the answer and giving an undertaking, defendants might have had the case certified, but failing to do so, they did not waive their defense. Besides, the denial of plaintiffs' title to the ore raised the question of title to real property, and the appellants ought then to have had the justice certify the case, instead of taking an appeal from the judgment.

Plaintiffs attempted to prove that the ore was taken from the Lamb lode claim; and defendants showed that the apex of the vein from which the ore was taken was not within the boundaries of the Lamb claim. The

court properly refused to allow the plaintiffs to rebut this testimony, for the reasons that the testimony was not properly rebutting testimony; for the better reason that it would be going into the merits of the ownership of or title to the land, which cannot be tried in an action of replevin. See *Brown* v. *Caldwell*, 13 Am. Dec. 660; *Mather* v. *Trinity Church*, 8 Am. Dec. 663.

And these authorities fully sustain the court in the instructions given and refused in this case.

In showing that the apex of the vein was not within the Lamb claim, defendants neither set up title in a third party nor show themselves to be trespassers, as appellants claim. This is very different from the case contemplated in the authorities cited by appellants. In those cases, the complaining parties had the right of possession of the chattels as against a trespasser.

Reply of McBRIDE & HALDORN to the respondents' brief.

Defendants' answer not being verified, their denial "that there was any such claim as the Lamb lode claim" must be regarded as mere surplusage, and does not, nor does any denial in their answer, put in issue any question of title to real estate.

Proof of title to real estate may be made in a justice of the peace court, the restriction being that a conflict as to such title cannot be decided or adjudicated in such courts. Wells on Jurisdiction of Courts, p. 67, sec. 79; *Pollock* v. *Cummings*, 38 Cal. 684; *Schroeder* v. *Wittram*, 66 Cal. 636, 638, 640, 641; *Harvey* v. *Dakin*, 12 Ind. 481, 482; *Livingston* v. *Morgan*, 53 Cal. 23.

The test of jurisdiction is clearly expressed in *United States* v. *Aredondo*, 6 Pet. 709; see also *Grignon* v. *Astor*, 2 How. 338. *Halleck* v. *Mixer* does not sustain the position of respondents, that before plaintiffs could recover they must prove title to the lode claim from whence the ore was taken.

It is sufficient for the plaintiffs, as against a mere tres-
passer, to prove possession of the lode claim from whence
the ore was taken.   Wells on Replevin, secs. 81, 113–115,
121; see also 64 Ill. 402; 28 Mich. 205.

. But an examination of the transcript will show that
the plaintiffs actually proved title to the Lamb lode
claim.   The possession which plaintiffs proved consti-
tuted a complete title.   *Brown* v. *Caldwell,* 13 Am. Dec.
660, *Mather* v. *Trinity Church*, 8 Am. Dec. 663, *Snyder*
v. *Vane*, 21 Am. Dec. 466, do not sustain the position
taken by respondents.

BACH, J.   This action was brought in the justice's court
of Silver Bow County for the purpose of recovering two
tons of silver ore, or the value thereof, alleged to have
been taken by the defendants from the Lamb lode mining
claim; the plaintiffs claiming ownership and right of
possession of the ore.   The defendants denied the exist-
ence of any such mining claim as the Lamb lode mining
claim, and denied that the ore was ever taken from said
claim.   The answer was not verified.   The case was taken
by appeal to the district court of Silver Bow County, and
trial was had there.   The plaintiffs proved a possessory
right, by occupation, to the Lamb lode; introduced a lo-
cation notice for the sole purpose of showing the extent of
their right by occupancy; and introduced evidence tend-
ing to show that the ore sued for was taken by defendants
from within these boundaries.   The value of the ore is ad-
mitted to be $241.   The defendants offered evidence tend-
ing to show that the apex of the vein from which the ore
was taken is not within the boundaries of the Lamb lode,
and that said apex is within either the Cinnamon Bear
claim or the Wabash claim,— they being claims adjacent
to the Lamb claim.   The plaintiffs objected to the admis-
sion of this evidence, for the reason that it involved the
question of title to real estate.   The position of the plain-

tiffs is, that in the district court the issue must remain as in the justice's court; that defendants' answer not being verified, it raised no question of title to land; and that if defendants wished to raise an issue on that point, the proper way was to verify the answer, and then have the cause certified by the justice to the district court under section 779, Code Civ. Proc. (Comp. Stats.). The admission of this evidence is one of the alleged errors. In rebuttal, the plaintiffs offered to show that the said apex was within the boundaries of the Lamb lode, and that said vein from which said ore was taken had no apex outside of the Lamb lode. The court refused to allow this evidence, to which ruling the plaintiffs duly excepted; and this refusal is another of the alleged errors. The position of the defendants is, that in the justice's court the plaintiffs could not prove their case without proving their title to the real estate; that the plaintiffs should have had the case certified to the district court under section 779, above cited; and the case being in the district court by appeal, and not by the certificate, the issue of title could not be tried in the district court, because it could not have been tried in the justice's court.

Is the title to real estate necessarily involved in this action? We think not. Defendants do not deny plaintiffs' right by occupancy to the Lamb lode; the plaintiffs do not deny the title of the respective owners of the Wabash and Cinnamon Bear lodes. Thus far there is no question of title involved. The real and only issue is, Did the ore belong to the Lamb lode or to one of the other lodes? It is a question of boundary, and not a question of title. To illustrate: A sues B in replevin to recover a tree which A alleges B cut from certain premises belonging to A. B admits the cutting and taking away, but alleges that the tree grew upon other real estate than that referred to and owned by A; that in fact the ground from which the tree was taken belonged to C,

and was adjacent to A's ground. Surely there is no issue of title to real estate. B does not deny that A owns the ground that A claims to own; A does not deny the title of C. But to take an example more closely analogous: A owns a patented mining claim. B owns another adjacent to A's. B sues A for the value of ore taken from a vein, the apex of which, B alleges, is within his claim, although the vein dips within the ground of A. On the other hand, A asserts that the apex, as well as the vein, is within his land. In such an action, can it be said that title to real estate is in issue ? A cannot and does not deny the validity of B's patent; B cannot and does not controvert the title of A. Is it not merely a question of location or boundary ? So; in the case at bar, the evidence introduced by defendants does not deny plaintiffs' title to the land which they claim; and that offered by plaintiffs does not deny the title of others to the Wabash and Cinnamon Bear lodes. The only question in the case then is, To which, if any, of these three claims does the vein belong ? Plaintiffs do not claim the Lamb lode by reason of the apex of said vein being within the boundary lines of said lode. They claim the Lamb lode by right of occupancy, and they allege that the ore is theirs because it was taken from a vein within that claim. The defendants likewise assert that the vein belongs to the other claims, because they assert that the apex is within those claims. Nowhere in the record does it appear that the vein in question is the vein upon which the "discovery" of any of these claims is based.

The plaintiffs having established their right by occupancy, which was a good title as against a trespasser, to the surface of the Lamb lode, they had a *prima facie* right to all ores within the vertical planes of the boundary lines. *Mining Co.* v. *Fitzgerald*, 4 Mor. Min. Rep. 381. To meet this *prima facie* proof, the defendants were entitled to show that the apex of the vein was out-

side of the Lamb lode, and within the boundaries of other located claims; not for the purpose of contesting the title of plaintiffs to their mining claim, but for the purpose of showing that the ore was taken from ground to which the plaintiffs did not assert title, and which did belong to others. So in the admission of evidence to that effect we find no error. But surely the plaintiffs were entitled to show in rebuttal that the apex of the vein was within the boundary lines of the land which they claimed by right of occupation; and this they attempted to do. Counsel for the defendants objected to the question put for that purpose; the ground of objection being that " it was not proper rebuttal." We think that the offer was proper; it was rebuttal testimony. The exclusion of this testimony was error; not that the offer tended to prove title to real estate concerning which the title was in issue, but because it tended to prove that the ore taken belonged to a mining claim, title to which was in no way disputed.

We do not agree with the plaintiffs in their position that the defendants could not show title to the ore in a third person; neither do the authorities which they cite sustain their position. The authorities cited are to the effect that where the answer is *non cepit* or *non detinet* only, the defendant cannot show title in a third party; for he does not deny the title of the plaintiff. Under our system of pleading, there must be a specific denial of each material allegation. Therefore, if the defendants merely deny the taking, their failure to deny plaintiffs' ownership is an admission of that ownership; but where the answer denies plaintiffs' title, as well as the taking and detaining, then defendants may show title in a third person, as that would tend to defeat plaintiffs' right to recover. In *Woodworth* v. *Knowlton*, 22 Cal. 169, it was held that the answer having denied plaintiffs' title, and having asserted title in a third party, no replication was

necessary; for the assertion of ownership in a third party was "but another form of denial of plaintiffs' ownership and right of possession set forth in the complaint."

The judgment and order appealed from are reversed, with costs, and the cause is remanded for a new trial.

*Judgment r versed.*

McCONNELL, C. J., and McLEARY, J., concur.