## STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1872.

IN THE TWENTY-SEVENTH YEAR OF THE STATE.

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" CHESTER C. COLE, ⎫
" WILLIAM E. MILLER, ⎬ JUDGES.
" JAMES G. DAY, ⎭

LUCAS v. FLINN.

1. **Slander: WORDS ACTIONABLE PER SE.** To say of a person " You are a cheat and a swindler, and you defrauded me," is not actionable *per se.*

2. **Assault and battery: MEASURE OF DAMAGES.** The rule recognized that in an action for assault and battery the jury should allow no damages by way of punishment, or beyond just and actual compensation for the *injuries sustained.*

VOL. XXXV.— 2

Lucas v. Flinn.

3. —— But in estimating the damages, the jury may not only consider the plaintiff's pecuniary loss, including loss of time, outlays for medicine, medical attendance, and the like; but, also, the physical suffering consequent upon the injury, and the mental anguish, and injury to business and social standing suffered by plaintiff.

4. Evidence: CONTRADICTION OF WITNESS. The evidence of a party who testifies as a witness to the existence of a particular fact, may be weakened by showing his contrary declarations in respect to the same matter. The rule as to laying foundation applicable where a party is sought to be impeached, does not apply.

5. —— IN ACTION FOR ASSAULT AND BATTERY. In a civil action for assault and battery the records of a criminal proceeding, wherein defendant was fined for the same offense, is inadmissible in his behalf as affecting the question of damages.

*Appeal from Delaware Circuit Court.*

TUESDAY, SEPTEMBER 17.

ACTION to recover damages for injuries sustained by plaintiff, on account of an assault and battery committed by defendant upon the body of plaintiff. The answer denies the allegations of the petition, and also sets up certain abusive language used by plaintiff toward defendant, whereby he was provoked to commit the assault, and the further fact that, upon complaint of plaintiff, he was arrested and fined by a justice of the peace for the offense of assault and battery, being the same acts for which recovery is sought in this case. These matters are pleaded in mitigation of damages.

Defendant also claims in his answer, by way of a cross-action, to recover of plaintiff damages for certain slanderous words spoken by plaintiff of and concerning defendant. There was a verdict and judgment for plaintiff in the sum of $400. Defendant appeals.

*S. M. Pollock* for the appellant.

*Roberts, Fouke & Burt,* and *O. E. House* for the appellee.

Lucas v. Flinn.

BECK, J. — I. We will notice the objections made by the defendant in the order they are presented in the argument

1. SLANDER: words actionable per se. of his counsel: I. In one count of defendant's answer, plaintiff is charged with speaking the following slanderous words, namely: "You are a cheat and a swindler, and you defrauded me." These words, it is averred, were spoken of defendant. No special damages are alleged on account thereof. A demurrer to this count, on the ground that the words are not actionable *per se*, was sustained. This ruling is made the first ground of objection. If the words charge no offense punishable under the laws of this State, although punishable at common law, they are not actionable *per se*, and the demurrer was, therefore, properly sustained. *Estes* v. *Carter*, 10 Iowa, 400. We will inquire whether the words describe any offense known to our laws. Frauds committed in a certain manner, as by false pretense, or by any privy or false token, or by the use of casks, boxes, etc., marked, branded or stamped by another are punishable under the statute. Rev.; §§ 4394, 4397, 4399, 4401. The charge of defrauding, alleged to have been made by plaintiff, implies no certain offense for which a punishment is provided under these sections. There is no other provision for the punishment of cheats or frauds, except section 4402 of the Revision. It provides that "Every person who is convicted of any gross fraud, or cheat at common law, shall be punished as provided in the previous section." Punishment is provided in this section for *gross* frauds and cheats. Under it all frauds and cheats are certainly not punishable. But the words charged as actionable are general and not limited to the kinds or character of cheats and frauds described in this statute. It cannot, therefore, be said that the language is applicable to offenses punishable under our statute, and that the words charged defendant with the commission of an indictable offense. The same thing is true of the charge alleged to have been

made, that defendant is a swindler. The demurrer, in our opinion, was properly sustained.

II. The defendant asked the court to instruct the jury that, as assault and battery is an offense punishable under 2. ASSAULT AND BAT- TERY: meas- ure of dam- ages. the criminal laws of the State, the defendant is not liable in this action for damages as a punishment for the offense against the State. This instruction was refused. This ruling constitutes the ground of another objection urged by defendant. No prejudice resulted to defendant therefrom. Substantially the same rule was given to the jury in an instruction prepared by the court. They were told that they could allow no damages, by way of punishment, beyond a just compensation for the injuries sustained by plaintiff, and that his pecuniary loss must constitute the sum which they could allow him.

III. The court so modified an instruction asked by defendant, after which it was given to the jury, that it directed the jury that it was their province to determine, from the evidence, to what extent the provocation pleaded and given in evidence should mitigate the damages, whether less than the actual damages should be recovered, or merely nominal damages allowed. There is no well-founded objection to. this instruction. Surely it was the province of the jury to determine the weight of and effect to be given to the evidence in support of defendant's plea of provocation in mitigation of damages. This is the purport of the instruction and nothing more.

IV. The court instructed the jury that, in estimating plaintiff's damage, they should not only consider his pecuniary loss, including loss of time, outlays for medicine and medical attendance, etc., but also the physical suffering consequent upon the injury, and the mental anguish and injury to business and social standing suffered by plaintiff. In our opinion the rule here announced is correct. The defendant's counsel insist that the latter part relating to

Lucas v. Flinn.

physical suffering, mental anguish, injury to business and social standing is erroneous. They admit that, had the petition alleged the assault to have been maliciously made, the rule of the instruction could be sustained. We think there is no such limit upon the damages as is contended for by counsel. The injuries contemplated by the instruction may all be the direct and natural consequences of the act complained of. This is surely true of physical suffering; why should it not be regarded as an element in the computation of damages? In actions for personal injuries, sustained through negligence of a defendant, it is considered in estimating damages, and it must be so regarded when the injuries are the result of intentional violence. If the violence results, as a direct and natural consequence, in injury to the business of plaintiff, it also must be the foundation for the allowance of damages. If the plaintiff is deprived of the ability to attend to business, his loss, resulting therefrom, will be allowed. If he is deprived of his business, as the direct consequence of the act of defendant, it certainly, for the very same reason, must be considered in determining the damages. Social standing is of value to man and is protected by the law. Injury thereto, if a direct consequence of the violence, ought to be an element in the computation of damages. The argument that damages based upon such injuries are difficult of computation cannot defeat the right to their recovery. Damages determined by the law often only approximate the true and just amount; it cannot be claimed that the exact sum may be always ascertained, especially in cases of personal injury. If the injury is of such a character that, under the law, damages are recoverable therefor, the fact that the jury, who is intrusted with the duty, cannot accurately ascertain them, this does not furnish a reason for refusing to allow them altogether. All that may be said is, that it is but an instance of the defective administration of justice, arising from the imperfections of human nature itself.

V. The defendant, upon his examination as a witness, testified that he had no feelings of enmity against plaintiff 4. EVIDENCE: at the time of the assault. A witness was contradiction of witness. permitted to give evidence of declarations of defendant, tending to contradict plaintiff and to show his feelings of enmity and ill-will. This is the ground of the next objection. The evidence was competent. After defendant's evidence upon this point was called out, it was entirely proper to show that he entertained feelings different from those he claimed to possess. The evidence was admitted for that purpose, and, in an instruction, the jury were so informed. Counsel claim that this evidence was inadmissible on the ground that defendant had no opportunity given him to explain the declarations of which the witness testified. But the rule which they seek to apply here is intended for the protection of a witness when he is sought to be impeached by showing declarations made by him differing from his evidence. In this case the defendant testified to a fact which was claimed by him to be relevant to the issues, namely, that he possessed no ill-will toward plaintiff. His testimony upon this point, as upon all others, the plaintiff could contradict by proper evidence. Such evidence would consist of the acts and declarations of defendant tending to show his feelings of hostility. Certainly, if defendant's evidence as to the state of his feelings was competent, which he cannot now deny, it was proper for plaintiff to contradict it. This evidence being properly before the jury they could consider it in weighing the credibility of defendant as a witness.

VI. The defendant offered in evidence the record of the criminal proceedings wherein he was fined for the assault 5. —— In action upon plaintiff. It was rejected. In this for assault and battery. there is no error. It was not claimed that plaintiff could recover exemplary or punitive damages, and the jury were instructed such damages could not be allowed. The evidence offered tended to show that defend-

ant had been punished for the assault, and therefore, it is insisted, could not be subjected to damages in this case which would be in the nature of punishment. But, as this was not claimed in this action, the offered evidence was irrelevant and inadmissible, even under the views of the law of the case as advanced by defendant's counsel.

VII. The court instructed the jury that within the rules given them the question of damages was left to them, their verdict being subject to be set aside should it appear to be "the result of prejudice, bias or passion." This instruction is complained of. We confess that we fail to discover the reasons which demanded it, or the benefit to either party resulting therefrom. It is, however, a correct statement of the law. It was unquestionably the province of the jury to determine the amount of the damages, being governed by the rules given them by the court; and this is the purport of the instruction.

VIII. The verdict is supported by the evidence, and the damage allowed is not excessive, or at least is not in so great a sum as to indicate that the jury were not guided by an honest exercise of judgment in fixing the amount. There is no ground upon which we can disturb the verdict.

IX. The refusal to give one or two instructions, other than those noticed above, which were requested by defendant, is complained of. But substantially the same rules are embodied in instructions prepared and given by the court.

The action of the court objected to is not, therefore, erroneous. We have noticed all the points made by defendant and are unable to sustain any of them. The judgment is, therefore,

· Affirmed.