PAXTON & GALLAGHER ET AL. V. JOHN MORAVEK.

[FILED JANUARY 27, 1891.]

**Attachment:** PROPERTY CLAIMED BY STRANGER. Where a sheriff attaches property found in the possession of a stranger to the suit claiming title, in an action of replevin therefor by such stranger, the officer, in order to justify the seizure, must not only prove that the attachment defendant was indebted to the attachment plaintiff, but that the attachment was regularly issued. (*Oberfelder v. Kavanaugh*, 21 Neb., 483; *Williams v. Eikenberry*, 25 Id., 721.)

ERROR to the district court for Box Butte county. Tried below before KINKAID, J. ·

*Charles T. Jenkins*, for plaintiff in error.

*B. F. Gilman*, and *Smith P. Tuttle, contra*.

NORVAL, J.

The defendant in error commenced this action against Fred A. Shonquist, sheriff of Box Butte county, to recover the possession of a stock of general merchandise. Afterwards, at the request of the plaintiffs in error, they were substituted as defendants in the place of the sheriff. A trial was had to the court, who found the issues in favor of the defendant in error and assessed his damages for the unlawful detention at one cent.

The defendant in error claims the property by virtue of a chattel mortgage given by Mary M. Barnes. The plaintiffs in error caused the goods to be attached as the property of Charles W. Barnes. The *bona fides* of the mortgage is assailed.

The following are the undisputed facts: Charles W. Barnes on and prior to the 25th day of February, 1889,

was keeping a country store and owned the goods in controversy. On that date he separated from his wife and immediately left the country. At the time of the separation they settled their property rights, he conveying to her by bill of sale the store building and stock of goods, worth $1,800 to $2,000; she paying him $500 in cash and relinquishing her interest in certain lands. She also agreed to pay Moravek $600 which Barnes had borrowed from him in January. Moravek loaned Mrs. Barnes the $500 she paid her husband. Mrs. Barnes immediately took possession of the store and goods and on March the 1st gave Moravek a chattel mortgage for the sum of $1,500 to cover the $1,100 indebtedness to him, and the further sum of $400 he was to advance to her in a few days to increase the stock. The mortgage was duly filed for record the day of its date. A few days later a part of the goods were taken by the sheriff under a writ of attachment issued against Barnes, at whose suit does not appear. Moravek replevied the property and took exclusive possession under his chattel mortgage of the building and entire stock. While Moravek was in possession plaintiffs in error attached the goods in controversy as the property of Barnes and the defendant in error immediately brought this suit.

The plaintiffs in error contend that the mortgage was fraudulent and that the burden of proof is on Moravek to show that it was given in good faith. There is no evidence in the bill of exceptions which in the least degree tends to impeach the *bona fides* of the transaction. That Moravek loaned $600 to Barnes and $500 to Mrs. Barnes is established by disinterested witnesses. The mortgagor and mortgagee each testify that the mortgage was given to secure this indebtedness and to secure a further sum of $400 that was to be advanced by Moravek to Mrs. Barnes. No fact or circumstance appears in evidence that tends to cast suspicion upon the transfer.

There is another view of the case that is equally conclu-

sive.  The evidence fails to show that the plaintiffs in error are or ever have been creditors of Barnes.  No testimony was introduced to prove that he was indebted to them when the attachments were issued, nor were the writs or proceedings in attachment put in evidence.  So far as the record discloses, the sole indebtedness of Barnes was the $600 borrowed by him from the defendant in error.  The fact that attachment suits were commenced was no evidence that Barnes was indebted to the plaintiffs in attachment.  The defendant in error being in possession of the property, claiming title thereto when it was attached, it devolved upon the plaintiffs in error to establish by competent proof that Barnes was indebted to them and that the attachments under which the property was seized were regularly issued. (*Oberfelder v. Kavanaugh,* 21 Neb., 483; *Williams v. Eikenberry,* 22 Id., 210, and 24 Id., 721; *Mathews v. Densmore,* 43 Mich., 461.)

There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.