D. S. BARTLETT ET AL. V. MOSES CHEESEBROUGH.

[FILED JUNE 30, 1891.]

1. **Attachment:** PROPERTY IN HANDS OF THIRD PARTY. It is the settled law of this state that when a sheriff attaches property found in the possession of a stranger to the suit, claiming title, in an action of replevin therefor by such stranger, the officer, in order to justify the seizure, must not only prove that the attachment defendant was indebted to the plaintiff in attachment, but that the writ was regularly issued.

2. **A judgment** will not be reversed for error committed without prejudice to the party complaining.

3. **Witnesses:** IMPEACHMENT. One of the methods of impeaching a witness is by proving that he has made statements out of court, or on a former trial, inconsistent with his testimony. Before such contradictory testimony can be received the witness must be asked if he has made such statements, naming the time, place, and to whom made.

4. ————: THE ADMISSIONS or statements of a party to a suit against his interest upon a material matter, may be proved without laying the foundation required in case of impeaching a disinterested witness.

ERROR to the district court for Valley county. Tried below before HARRISON, J.

*Chas. B. Keller*, for plaintiff in error, cited: *Fisher v. Herron*, 22 Neb., 183; *Aultman v. Obermeyer*, 6 Neb., 265; *Wake v. Griffin*, 9 Id., 47; *Monteith v. Bax*, 4 Id., 170; *Thompson v. Lorenig*, 13 Id., 386; *First Natl. Bank v. Bartlett*, 8 Id., 329; *Hoagland v. Wilson*, 15 Id., 322; *Collins v. Mack*, 31 Ark., 685, 694; *Lucas v. Flinn* 35 Ia., 9–14; *Payne v. State*, 60 Ala., 80–86; *Holbrook v. Holbrook*, 30 Vt., 433; *Ray v. Bell*, 24 Ill., 444–454; *Nute v. Nute*, 41 N. H., 60; *Bressler v. People*, 117 Ill., 422; *State v. McDonald*, 65 Me., 466; *People v. Devine*, 44 Cal., 452–459; *Stephens v. People*, 19 N. Y., 549.

*A. M. Robbins*, contra.

NORVAL, J.

This is an action of replevin brought by the defendant in error against the sheriff and deputy sheriff of Valley county, to recover the possession of a stock of general merchandise.

On the trial, the jury returned a verdict in favor of the plaintiff, and judgment was entered thereon. The defendants brought the case to this court on error, and at the January term, 1888, the judgment was reversed and the cause

remanded. (23 Neb., 767.)   The second trial in the district court resulted in a verdict and judgment for the plaintiff, and the cause is again brought here by the defendants.

Elton Cheesebrough, in 1884, was engaged in the mercantile business at Ord, in Valley county.   On the 26th day of May, 1884, he made a bill of sale of the entire stock of goods to his father, the defendant in error, the consideration expressed in the bill of sale being $2,521.93.   Moses Cheesebrough took possession of the goods, and, on the 2d day of June, 1884, the plaintiffs in error levied certain writs of attachments upon the goods while in the possession of the defendant in error, as the property of the said Elton Cheesebrough.   Thereupon this suit was brought. The sheriff justified under his writs of attachments, and claims that the bill of sale was made by the son to the father for the purpose of defrauding the creditors of Elton Cheesebrough.

The first point discussed in the brief of plaintiffs in error is the sufficiency of the evidence to sustain the verdict. The proof as to the purchase of the property by the defendant in error from his son is, in most respects, the same as upon the first trial.   The testimony of the defendant in error, and Elton Cheesebrough, is to the effect that at the time the bill of sale of the stock of goods was made, the father held his son's note for $688 given in 1879, which, at the time of the alleged purchase, amounted to about $800; that Moses Cheesebrough let the son have a county order for $124, a note for $225, and $500 in money belonging to Oscar Cheesebrough, and that these items and $500 in cash, paid by the father to the son, constituted the consideration for the stock of goods.   As upon the first trial, the testimony fails to show what was the consideration for the $688 note.   Under the evidence we are of the opinion that the jury was not justified in finding that the entire consideration exceeded $1,349.   The amount named in the bill of sale as the purchase price is

nearly twice that sum. Testimony was introduced by the defendant in error tending to show that the stock was not at the time worth more than fifty per cent of the sum written in the bill of sale. Witnesses were called by the plaintiffs in error, who placed the value at more than $2,000. There is also testimony in the record, from which the inference could be drawn, that the transfer of the property to the father, was for the purpose of placing it beyond the reach of the creditors of the son. As to the good faith of the transaction, the jury could have found for either party.

If the transfer was colorable and fraudulent, as claimed by the plaintiffs in error, it could be assailed only by the creditors of Elton Cheesebrough. Were the plaintiffs in error in a position to challenge it? The undisputed testimony shows that Moses Cheesebrough was in possession of the goods when they were taken by the plaintiffs in error under the writs of attachment. The writs were introduced, but no other evidence was given on this branch of the case. There is not a line of testimony in the record, tending to show that Elton Cheesebrough was indebted to the plaintiffs in the attachment suits. The writs of attachment were not evidence that an indebtedness existed against the defendant in attachment. The law applicable to this state of facts is well settled in this state. In *Oberfelder v. Kavanaugh*, 21 Neb., 483, in the opinion of the court, written by the present chief justice, it is said: "When an officer attaches property found in the possession of the defendant, he can always justify the levy by the production of the attachment writ, if the same is issued by a court or officer having lawful authority to issue it, and be in legal form. But when the property is found in possession of a stranger claiming title, the mere production of the writ will not justify its seizure thereunder ; the officer must go further and prove, not only that the attachment defendant was indebted to the attachment plaintiff, but that the attachment was regularly issued."

This same doctrine has since been recognized and applied in *Williams v. Eikenberry*, 22 Neb., 210; *Paxton v. Moravek*, 31 Neb., 305; *Williams v. Eikenberry*, 25 Neb., 721. The plaintiffs in error, therefore, did not prove sufficient facts to justify the seizure of the property, and had a judgment been rendered in their favor, it could not have been sustained. The verdict of the jury was sustained by sufficient evidence.

Error is assigned upon the admitting the testimony of M. E. Getter, S. S. Haskell, and Herman Westover as to the value of the property at the time it was transferred by Elton to his father, for the reason that they were not shown to be qualified to testify upon the question of value. The record shows that they were familiar with the goods, and stated they were acquainted with their value. They had been in the mercantile business some years before. The evidence shows that they were qualified to testify as to the value of the goods. The weight to be given their testimony was for the jury to determine. The evidence as to value, bore solely upon the *bona fides* of the sale, and as the plaintiffs in error were not in a position to question the validity of the transfer, they could not be prejudiced by the testimony of the three witnesses named. The defendant in error would have been entitled to a verdict had their testimony been excluded.

The remaining assignment of error, is based upon the refusal of the court to permit certain portions of the testimony of Moses and Elton Cheesebrough, taken upon the former trial, to be read to the jury. The testimony of these witnesses, relating to the transfer of goods, was not, in all respects, the same upon both trials. As to Elton Cheesebrough, no foundation was laid for the introduction of his testimony on the former trial. He was not asked a single question upon the last trial, as to what his testimony was upon the other trial. While one of the modes of impeaching a witness is to prove that he has made statements out

of court, or upon a former trial, contradicting his testimony, yet such contradictory statements cannot be proved, over objections, unless the attention of the witness has been called to the fact of having made such statement, naming time and place, in order that he may have a chance to admit, deny, or explain. It is obvious that no foundation for impeaching testimony was laid. (*Strader v. White,* 2 Neb., 359; *Hooper v. Browning,* 19 Id., 427 ; *Williams v. Eikenberry,* 25 Id., 727.)

Moses Cheesebrough being a party to the suit, it was competent to prove any admissions made by him, in a material matter, against his interest, without laying any foundation for such testimony. (*Lucas v. Flinn,* 35 Ia., 9 ; *Collins v. Mack,* 31 Ark., 685.) The variance in his testimony was upon the matter of consideration for the making of the bill of sale. As it is not shown that Elton Cheesebrough was indebted to the attachment plaintiffs, the good faith of the transaction between the father and son was not a material issue in the case, and no error prejudicial to the plaintiffs in error, was committed by excluding the offered testimony.

The fact that the defendant in error was in possession of the goods, claiming to be the owner thereof, at the time they were taken by the sheriff, is sufficient evidence of title and right of possession to authorize him to maintain this action.

The judgment is

AFFIRMED.

THE other judges concur.