LAUBENHEIMER, APPELLANT, *v.* BACH, CORY & CO. ET AL., RESPONDENTS.

[Submitted January 26, 1897.   Decided February 8, 1897.]

*Conversion—Title—Presumption—Evidence.*

CONVERSION.—In an action for conversion, the answer admitted that plaintiff had been the owner, and then alleged title in defendants by conveyance from vendee of plaintiff; at the trial, defendants offered evidence tending to show plaintiff's declaration that he had sold the property. *Held,* that, it appearing that plaintiff had been the

owner of the property, the presumption was that he continued to remain so; that as the declarations admitted in evidence tended to show a sale by plaintiff, it was error to refuse in rebuttal evidence tending to show statements made by defendant's vendor to their agent prior to and at the time of the alleged sale to them, that he was not the owner of the property.

*Appeal from District Court Cascade County.  C. H. Benton, Judge.*

Action by Valentine Laubenheimer against Bach, Cory & Co., Limited, and others, for conversion. Judgment for defendants, and plaintiff appeals. Reversed.

Statement of the case by the justice delivering the opinion.

Suit to recover $9,750, with interest, the value of 325 head of cattle belonging to plaintiff, and alleged to have been converted by the defendants. The answer denied the allegations of the complaint, and alleged that on or about February 22, 1892, the defendant Bach, Cory & Co., Limited, purchased of one J. H. Brand 250 head of stock cattle, branded with the Four Bar brand, and thereafter, while being such owner under such purchase, sold the cattle to the other defendants, and alleged that said cattle are the same referred to in plaintiff's complaint; that prior to the purchase by Bach, Cory & Co. of the cattle from Brand, the plaintiff, Laubenheimer, was the owner of said cattle, and while being such owner sold the same to the said Brand and one Nelson, who were then co-partners; and afterwards the said Brand became the owner of said 250 head of cattle, and was the owner thereof continuously until his sale to Bach, Cory & Co. The defendants also alleged that at the time that Bach, Cory & Co. were negotiating with Brand for the purchase of the cattle sued for in the plaintiff's complaint, plaintiff, Laubenheimer, was present at all times, and was fully cognizant of all that was being done relative to the sale and delivery of said cattle, and was aiding and assisting Bach, Cory & Co. in consummating the purchase of said cattle. The replication denied the purchase by Bach, Cory & Co. from Brand, or that Brand ever owned the cattle described in the complaint, or that he (plaintiff) ever was cognizant of

the alleged purchase and negotiation of Bach, Cory & Co. and Brand, or that he ever aided Bach, Cory & Co. in consummating the alleged purchase. On the trial of the case before a jury, plaintiff's testimony was that in January, 1890, he purchased the cattle described in the complaint, which then numbered 250 head, from H. W. Child; that at the time of the purchase the cattle were at Ming Coulee, Cascade county; that he had never parted with the title to the cattle, and was the owner of them in March, 1892, and when this suit was instituted; that he never authorized the defendants or their agents to take possession of the cattle; that at the time that Brand made an assignment to Bach, Cory & Co., to wit, February, 1892, by which Brand transferred the cattle to Bach, Cory & Co. plaintiff notified the defendants that they were his cattle, and that he wanted them; that he never knew that Bach, Cory & Co. would attempt to take the cattle from him; and that he told them that if they did attempt so to do they would take them at their peril. On cross-examination the plaintiff testified that in 1890 the cattle had been transferred from Ming Coulee, where they were when he purchased them, to the ranch known as the "Brand & Nelson Ranch;" that the reason for the transfer was that plaintiff permitted Brand to take the cattle into his charge, with the further right that if at any time he could pay the purchase price plaintiff would transfer the Four Bar brand to him. In accordance with this arrangement, the cattle were removed to the Brand & Nelson ranch. The price which Brand was to pay for the cattle was $7,500, with interest; but it is alleged that no part of it had ever been paid. The evidence of the defendants was, in effect, that Brand & Nelson, in 1891, bought the cattle with the Four Bar brand from H. W. Child, and that the cattle were delivered to them by Child from Ming Coulee at their ranch, and that Brand & Nelson were to pay for the cattle when they could; that plaintiff never attempted to exercise any control over the cattle, and that the sale was an unconditional one by Child to Brand & Nelson; that long subsequent to the purchase of the cattle by Brand & Nelson, Laubenheimer stated that he had

retained the title to the cattle in question, but that he was told by Nelson that this was not so; that Laubenheimer admitted that the sale had been unconditional, but that, six months after the sale and delivery of the cattle to Brand & Nelson, he then made an arrangement by which he was to retain the title by a kind of a verbal chattel mortgage. · The defendants introduced several witnesses, among others D. A. Cory, an officer of Bach, Cory & Co., who testified that at several meetings held in the office of Bach, Cory & Co., at Great Falls, Mont., Laubenheimer was present, but that he never made a claim to the cattle in question until November, 1892; that at that time Laubenheimer did assert some right to the cattle but stated that he had sold and delivered the cattle to Brand & Nelson, and retained the title by some kind of a verbal chattel mortgage, obtained six months after the sale to Brand & Nelson. It was admitted that in March, 1892, and at the time of the alleged sale by Brand to Bach, Cory & Co., a witness by the name of Willard represented the defendant Bach, Cory & Co. in the matter of the cattle negotiations had between that corporation and Brand. There was testimony also introduced by the defendants tending to show that when Bach, Cory & Co. took possession of the cattle, Laubenheimer was at the ranch of Brand & Nelson, and knew of the directions to the man in charge of the cattle to hold them for the defendants. On rebuttal the plaintiff testified that he had never admitted that Brand & Nelson had purchased the cattle. Willard, the witness referred to as the manager for Bach, Cory & Co., was asked on rebuttal whether he had had any conversations with Brand relative to the ownership of the cattle at the time of the purchase of the cattle made by Bach, Cory & Co. from Brand & Nelson. · The defendants objected to the question on the ground that it was not proper evidence in rebuttal. The court sustained the objection, and plaintiff duly excepted. Thereupon the plaintiff offered to prove that Willard acted in behalf of Bach, Cory & Co. in the purchase of the cattle, and "at the store of Bach, Cory & Co., Mr. Brand, a short time previous to the attempted sale by him of the cattle in ques-

tion, told Mr. Willard that he (Brand) did not own these cattle; that Mr. Willard stated that he (Brand) must have some right to those cattle, because he had been keeping them; that Mr. Brand refused to make any transfer of the cattle in controversy because of the fact that he (Brand) had no right or title to the same; that at the request of Mr. Willard, Brand included the cattle in controversy in a transfer by Brand to Bach, Cory & Co.; that Willard was the general manager of Bach, Cory & Co. at that time, and at the time of the completion of the sale of the cattle in controversy by Brand to Bach, Cory & Co.; that Mr. Willard notified Mr. Cory of this conversation, and repeated the same in substance to Mr. Cory, about the time of the sale to Bach, Cory & Co." This offer was rejected by the court, because not proper evidence in rebuttal, and hearsay. Plaintiff then made a similar offer of the statements made by Brand to Willard, and the communication of such statements by Willard to E. W. Bach, another of the defendants' officers, and the manager of a pool arrangement between Bach, Cory & Co. and the other defendants in this suit. This evidence was also rejected by the court, because not rebuttal, and hearsay. Plaintiff then asked the witness Willard whether Laubenheimer, the plaintiff, at any time while Bach, Cory & Co. were seeking to acquire title to the cattle through Brand & Nelson, notified him as to whom the cattle belonged. This question was objected to on the ground that it was immaterial and improper on rebuttal, and the objection was sustained. Witness was then asked if Mr. Laubenheimer ever told him, in the presence of E. W. Bach or D. A. Cory, of his claim to the cattle. This was objected to, and the objection sustained. The court also refused to permit plaintiff to ask the witness if Laubenheimer had not in the fall of 1891 in his presence notified Bach of his claim to the cattle. The jury found a verdict for the defendants. Before they retired, the plaintiff asked the court to instruct, among other things, that where a person is proved to be the owner of personal property with the present right of possession, the presumption is that he continues to be the owner with the right

of possession until there is evidence that he has parted with
that ownership or right of possession. The court refused to
so charge. . Judgment was entered on the verdict for the de-
fendants, and a motion for a new trial was thereafter made
and overruled. The plaintiff appeals from the order denying
the motion for a new trial and from the judgment.

*Thomas C. Bach* and *William T. Pigott*, for Appellant.

*W. G. Downing* and *Carpenter & Carpenter*, for Respond-
ents.

HUNT, J.—We think the court properly concluded to sub-
mit the case to the jury upon the ground that the testimony
of Nelson and the admissions of the plaintiff testified to by the
defendants' witnesses raised an issue of fact as to the owner-
ship of the cattle in controversy, which was right for the jury
to pass on. But we are unable to uphold the rulings of the
district court in rejecting the offer of proof made by plaintiff
in rebuttal testimony. The complaint alleged ownership, pos-
session, and right of possession of the cattle in controversy,
their value, and a wrongful taking by defendants, and defend-
ants' refusal to give them up, although demand was made. As
to these matters the answer may be treated as substantially a
denial; but for an affirmative defense the answer set up a pur-
chase on February 22, 1892, from a third party, J. H. Brand,
who, with one Nelson, had originally purchased the cattle from
plaintiff, and who was the sole owner when he sold to defend-
ants, and that by reason of plaintiff's knowledge of the sale to
defendants, and his silence about the time of such sale, he was
estopped from claiming title. At the trial, plaintiff intro-
duced evidence to prove his purchase and right of possession,
the taking by defendants, value of the cattle, and other
matters necessary to sustain *prima facie* the averments of his
complaint. Defendants were then allowed to introduce evi-
dence to prove that one H. W. Child sold the cattle to Brand
& Nelson, and also that plaintiff admitted that he had sold the
cattle to Brand & Nelson, and never claimed any interest

therein until a long time thereafter, in November, 1892, and then only said that he had a claim by virtue of a verbal chattel mortgage, which it may be assumed would amount to no claim as against the rights of third parties.

When defendants rested, the plaintiff offered (as recited more fully in the statement of facts) to disprove the statements made by defendants' witnesses by rebutting such proofs by counter evidence of his own, but was erroneously not permitted to do so. The evidence offered was rebuttal. When plaintiff rested, he had made out his *prima facie* case. It was not necessary for him to go further than to show generally his own ownership and right of immediate possession. The presumption was then that plaintiff continued to be the owner with right of possession until there was evidence that he parted with that ownership or right of possession. And the court ought to have so charged. (Lawson on Pres. Ev. pages 163, 164; Jones on Evidence § 53.) He was not obliged to anticipate the affirmative defenses of the answer, and to furnish evidence to negative their truth. When the defendants introduced their evidence tending to show purchase from Child and admissions by plaintiff, it was the right of plaintiff to call witnesses in relation to the statements and admissions by Brand, the alleged owner, made prior to and at the time of the sale by him to Bach, Cory & Co. concerning the title to the cattle, and of the communication of Brand's statements to members of the firm of Bach, Cory & Co., and also to explain plaintiff's alleged conduct about that time and thereafter in not claiming title to the cattle. A party has a right in rebuttal to give evidence which tends to meet the affirmative defense sought to be established by the defendants, and it is error to deny him that right. (*Driscoll* v. *Dunwoody*, 7 Mont. 394, 16 Pac. 726; *Bancroft* v. *Sheehan*, 21 Hun. 551; Thompson on Trials, § 345.) "As a general rule, he who has the opening ought to introduce all his evidence to make out his side of the issue, except that which merely serves to answer the adversary's case. Then the evidence of the adversary is heard, and, finally, the party

who had the opening may introduce rebutting evidence which merely serves to answer or qualify his adversary's case.   Rebutting evidence, within this rule, means not all evidence whatever which contradicts defendant's witnesses and corroborates plaintiff's, but evidence in denial of some affirmative case or fact which defendant has attempted to prove.   Neither side ought to be permitted to give evidence by piecemeal.'' (Abbott on Trial Brief, pages 41, 42.)   The effect of the court's rulings was very prejudicial to plaintiff, because it denied him the right to contradict the defendants' testimony upon most material matters.   Obviously, if the admissions or statements made by plaintiff to the witness Cory and others tended to prove that plaintiff sold the cattle in dispute to Brand & Nelson, it was unjust to exclude plaintiff's offer to prove to the contrary; and this he was only obliged to do on rebuttal.   These errors are the principal ones relied on by the appellant, and cover the others assigned.   The judgment and order are reversed, and the case is remanded for new trial.

*Reversed.*

PEMBERTON, C. J., and BUCK, J., concur.