HOWE, Respondent, *v.* MESSIMER, Appellant.

(No. 6,386.)

(Submitted February 15, 1929.   Decided March 8, 1929.)

[275 Pac. 281.]

*Mr. Ralph J. Anderson* and *Mr. Norman R. Barncord,* for Appellant, submitted an original and a reply brief; *Mr. Anderson* argued the cause orally.

*Mr. L. R. Daems,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Plaintiff brought action against defendant on two promissory notes, for $2,000 each, made and delivered to Jacob and Anna Elston, of Elmira, New York, and assigned to plaintiff after maturity. Defendant admitted the execution and delivery of the notes and set up three alleged affirmative defenses, to-wit, conditional delivery, fraud and misrepresentation, and want of consideration, combined in the following allegations:

That, as owners of a certain lot in Miami, Florida, the Elstons represented to defendant that the lot was worth, and could be readily sold for, a sum in excess of $5,000, and that, if she would execute and deliver to them notes for that amount, they would deed the property to her, so that she could make a "quick sale," as they were returning to New York, and would hold the notes merely as evidence of what they were to receive from the sale, and that, if no sale was made, she could reconvey the lot and they would return the notes; that she believed and relied upon the representations made, but that they were "false and untrue"; that she was unable to

sell the lot for a sum in excess of $5,000, and thereafter offered to reconvey on return of the notes, but the Elstons refused to perform; and that the deed in question was so defective as to be ineffective to pass title.

By reply plaintiff denied the affirmative allegations, except that he admitted that the deed contained a defect which he offered to have corrected by deed to be deposited in court within thirty days. Four months later a correction deed was deposited in court, and plaintiff filed an amended reply, alleging that fact. Issue being joined, the parties went to trial before the court and a jury. Plaintiff made out a prima facie case for recovery on the notes, without regard to the affirmative defenses; defendant then offered testimony in support of her defenses, and plaintiff followed with evidence in rebuttal thereof; in doing so he offered two depositions of witnesses, who stated that, in conversations had in New York, defendant had made statements contrary to her testimony on the stand. These depositions were admitted over the objection of defendant.

By instruction numbered 1, the court withdrew from the jury consideration of the defenses of fraud and want of consideration, and submitted for their consideration only the defense of conditional delivery. The jury returned a verdict for the plaintiff, and judgment was duly entered thereon. Defendant moved for a new trial, which motion was denied, and thereafter she perfected this appeal from the judgment.

By specifications 1 and 2 defendant predicates error upon the admission of the depositions mentioned above.

In presenting her affirmative defense, defendant testified in conformity with her allegations recited above. She was not interrogated as to making statements to the contrary at any time or place, or in the presence of any designated persons. Deponents testified that defendant had told them that she had originally sold the lot to Elston, and had repurchased it for $5,000, paying $1,000 down. One of the deponents said she told him the lot was worth $5,000, and Elston had "been com-

ing down there [Florida] fretting and stewing," so she bought it back. The objection was interposed that no foundation had been laid for impeachment, and the testimony was not proper rebuttal.

Of course, if this testimony was merely impeachment evidence, it could only be admitted after it had been related to the witness "with the circumstances of times, places, and persons present," and she had been asked whether she made the statements (sec. 10669, Rev. Codes 1921); but here the declarant is a party to the action and holder of title to the lot, if the deed is sufficient to convey title, and the declarations sought to be shown were directly upon the issue involved and against the interest of the declarant. Such declarations are admissible to prove the facts to which they relate (*Williams* v. *Gray*, 62 Mont. 1, 203 Pac. 524; *Northwestern Electric Co.* v. *Leighton*, 66 Mont. 529, 213 Pac. 1094; *Carey* v. *Guest*, 78 Mont. 415, 258 Pac. 236), and their admissibility is not dependent upon any tendency to discredit the person by whom they were made (22 C. J. 299). The declarations are original evidence, and their introduction "is not by way of attacking the credibility of the party witness" (2 Jones' Commentaries on Evidence, 366), although it may have that effect (1 Ency. of Evidence, 506). It is, therefore, not necessary to lay a foundation before its introduction. (*Bullard* v. *Bullard*, 112 Iowa, 423, 84 N. W. 513; *Teller* v. *Ferguson*, 24 Colo. 432, 51 Pac. 429; *Bartlett* v. *Cheesebrough*, 32 Neb. 339, 49 N. W. 360; *Hunter* v. *Gibbs*, 79 Wis. 70, 48 N. W. 257; *Garr, Scott & Co.* v. *Shaffer*, 139 Ind. 191, 38 N. E. 811; *Salter* v. *Edward Hines Lumber Co.*, 77 Ill. App. 97.) The procedure outlined above conformed to the requirements of section 9349, Revised Codes of 1921.

Plaintiff was not required, in his case in chief, to negative the affirmative defense. "As a general rule, he who has the opening ought to introduce all his evidence to make out his side of the issue, except that which merely serves to answer the adversary's case. Then the evidence of the ad-

versary is heard, and, finally, the party who has the opening may introduce rebutting evidence, which merely serves to answer or qualify his adversary's case. * * * Abbott's Trial Brief, pp. 41, 42." (*Laubenheimer* v. *Bach, Cory & Co.*, 19 Mont. 177, 47 Pac. 803; *Rossiter* v. *Loeber*, 18 Mont. 372, 45 Pac. 560.)

2. Specifications 3 and 4 predicate error on the exclusion ██ of evidence relative to the defect in the deed from Elston to defendant, alleged to constitute want of consideration, and on the withdrawal from the jury of this affirmative defense. Counsel for defendant state in their brief that, if the defect in the deed did not render it void, the ruling and direction were proper; otherwise, they were erroneous.

The deed describes the lot as "lot eleven (11) of block four (4) of High School Park tract, as per plat record in Book Four (4) of Plats on page forty-four (44) of the public school of Dade county, Florida." The defect consisted in the insertion of the words "public school" in the clause referring to the record of the plat.

In *State ex rel. Arthurs* v. *Board of County Commissioners*, 44 Mont. 51, 118 Pac. 804, this court quoted with approval the following test as to the sufficiency of a defective deed: "If, taking all the facts which appear upon the face of the instrument, and the legal presumptions which naturally flow from those facts, a true description may be supplied by aid of proper averments and proof, the instrument will be held sufficient. * * * That part of a deed or contract which relates to the description of the premises should be liberally construed, so as to make the instrument available. * * * And a court will only declare a deed void for uncertainty when, after resorting to oral proof, it still remains mere matter of conjecture what was intended by the instrument."

Under the above rules, the true description of the property is readily ascertainable; all that is necessary to render the description unassailable is to disregard the words "of the public school," and therefore this slight defect in descrip-

tion does not render the deed in question void. (*Leonard* v. *Osburn*, 169 Cal. 157, 146 Pac. 530, 532; *Prouty* v. *Rogers*, 33 Cal. App. 246, 164 Pac. 901; *Derham* v. *Hill*, 57 Colo. 345, 142 Pac. 181.)

3. Specification 5 predicates error upon the withdrawal from ▮ the jury of the defense of misrepresentation and fraud. The only allegation of fraudulent misrepresentations respecting the lot is that "the said lot was worth in excess of and would readily sell for a considerable sum in excess of \* \* \* \$5,000." Whether this statement forms the basis for an action for rescission or was merely an opinion as to the future, or "puffing," by the seller, we need not determine, as defendant failed to bring her complaint within the provisions of section 7480 of the Revised Codes of 1921, or the declarations as to the necessary elements of good pleading in this regard, laid down in *Butte Hardware Co.* v. *Knox*, 28 Mont. 111, 72 Pac. 301, *Lee* v. *Stockmen's National Bank*, 63 Mont. 262, 207 Pac. 623, and *Courtney* v. *Gordon*, 74 Mont. 408, 241 Pac. 233, in that she failed to allege that Elston did not believe his statement to be true, knew it to be false, or that it was not warranted by the information he then had, and alleged no facts showing that she was entitled to rely upon his statement; nor does the answer allege, even inferentially, that the lot was not worth all that Elston said it was. The mere fact that she failed to sell it for a sum in excess of \$5,000 does not show that it was not worth in excess of that amount, or that it could not readily be sold for more than the figure set. As the owner of the lot a short time before she took the deed, as shown by the evidence, defendant can hardly be said to have been entitled to rely on the statement made by the seller. The pleading and proof did not warrant the submission of this defense to the jury.

If fraud, other than that just considered, existed, it was ▮ only by reason of the making of a promise "without any intention of performing it" (subd. 4, sec. 7480, above); but here both the pleading and the proof fall far short of

making out a case of fraud, as it is neither alleged nor charged from the witness-stand that Elston did not intend, at the time the promise was made, to perform it; the allegations of the complaint and the testimony of the defendant go no further than to charge that the promise was not performed. Defendant was not, therefore, entitled to go to the jury on this defense of fraud. (*International Harvester Co.* v. *Merry,* 60 Mont. 498, 199 Pac. 704; *Cuckovich* v. *Buckovich,* 82 Mont. 1, 264 Pac. 930.)

For the reasons stated, the judgment will stand affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN, concur