L. D. DAVIDSON, APPELLANT, V. S. M. CROSBY ET AL., APPELLEES.

FILED SEPTEMBER 16, 1896.   No. 6843.

1. Fraud: EVIDENCE. Fraud is never presumed, but must be clearly proved in order to entitle a party to relief on the ground that it has been practiced on him.

2. ———: ———. The finding of a trial judge based upon conflicting evidence, when there is sufficient evidence to support it, will not be disturbed.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.

*J. O. Detweiler* and *John T. Cathers*, for appellant.

*McClanahan & Halligan, contra.*

HARRISON, J.

This action was commenced in the district court of Douglas county, the relief sought being the rescission of a contract of sale whereby the appellant purchased of appellees 155½ shares of the capital stock of the Commercial Directory Company, a corporation doing business in Omaha, the shares being of the face value of $100 each, and to secure a reconveyance to appellant, by appellees, of the title to certain real estate which had been passed to them during and as a part of the consideration moving to them in the transaction the basis of complaint; also the surrender by appellees of some promissory notes executed and delivered by appellant to appellees, evidencing a portion of the amount of the purchase price of said stock. It was further asked that appellees be restrained from further selling or disposing of the promissory notes, or conveying the lands to persons other than appellant. It appears that on July 1, 1892, the appellant and appellees, through an agent or broker, W. A. Spencer, concluded a sale or trade by which appellant became the owner and possessed of the shares of stock hereinbefore described, and paid therefor the sum of $6,100, as follows: $1,000 cash; conveyed to appellees the title to twenty acres of land situated in Polk county, Florida, valued at $1,200; also three lots in Ocala, Florida, valued at $2,100, less incumbrance of $600, which incumbrance was assumed and to be paid by appellant; one note executed by appellant in the sum of $100, due in thirty days from date, and another note for $300, maturing ninety days from date. For the balance of the consideration, $2,000, it is asserted by appellant that appellees were to accept the title to 123 acres of land situate in Suwannee county, Florida, if, as the result of an investigation by appellees in regard to its quality, etc., it proved to be as represented by appellant. If not, then appellees were to receive four promissory notes of $500 each, to mature, one in six, one in twelve, one in eighteen,

and one in twenty-four months, executed by appellant and delivered on the date of the sale to W. A. Spencer, to be held until appellees ascertained the facts concerning the land, and if it was determined to be as represented by appellant, then the four notes to be returned to him and the title to the land conveyed to appellees. If the land did not fulfill the representation, then the notes were to be given to appellees. Appellees assert, however, that it was to be optional with them whether they would accept a conveyance of the land or receive the notes, and that they concluded to take the notes, and that about two weeks subsequent to the time the deal was closed, so informed Mr. Spencer, who then gave the notes to them. The appellant, as a basis for his demand for the rescission of the sale or trade, alleged that the appellees, to induce him to enter into the contract, made certain false and fraudulent representations of and concerning the stock, its value, etc., which were believed and relied upon by him in making the purchase. The paragraph in which the facts in relation to which it was stated false representations were made were particularly and specifically designated reads as follows: "The defendants, to induce and persuade the plaintiff to enter into said agreement, falsely and fraudulently represented to the plaintiff that said capital stock was worth the sum of $50 per share; that the assets of said Commercial Directory Company were all good, genuine, legitimate, and collectible securities; that said assets were of the amount of $10,987.37; that the liabilities of said Commercial Directory Company were but $3,200, and no more, they, the said defendants, knowing at the time of making said representations the same to be false and untrue, and made the same for the purpose of cheating and defrauding this plaintiff."

The question of which party should prevail in the branch of the case in regard to the four notes of $500 each, and whether the possession of them was obtained by appellees in accordance with the terms of the con-

tract, or contrary thereto, and consequently wrongfully, was not urged by counsel for appellant in the argument or brief, and needs no further notice, but we will say that it is evident that the general finding in favor of appellees included one that the facts in respect to this contention were as asserted by appellees, and there was ample evidence to support such a finding.   It is clear from a consideration of all the evidence bearing on the point of the alleged false representations by appellees that the stock was worth $50 per share, or one-half its face value; that if made, and false, it was not relied upon by appellant in making the trade and did not control his actions therein to any appreciable extent.   He made calculations framed on other information and reached a conclusion of his own deduced therefrom which fixed for him the value of the stock and made an offer to purchase it, governed as to its worth by such conclusion, and finally succeeded in acquiring it at a valuation of between thirty-nine and forty dollars per share.   The trial court made the following finding: "The court finds upon the issues joined for the defendants, and that the defendants did not obtain the money and property and notes described in plaintiff's petition by fraud and misrepresentation."   The rule as to the proof in such cases is stated to be: "Fraud is never presumed, but must be clearly proved in order to entitle a party to relief on the ground that it has been practiced upon him." (*Clark v. Tennant*, 5 Neb., 549; *Missouri Valley Land Co. v. Bushnell*, 11 Neb., 192; *Western Horse & Cattle Ins. Co. v. Putnam*, 20 Neb., 331; *Brown v. Herr*, 21 Neb., 113; *Dirkson v. Knox*, 30 N. W. Rep. [Ia.], 49.)

We have carefully examined all the evidence presented and do not deem it necessary to quote from it or make an extended statement of it here.   That on the part of plaintiff tended to prove the allegations of fraud and deceit practiced by defendants to induce plaintiff to consummate the trade, while, on the other hand, that introduced on behalf of defendants was directed toward an effort to prove that no misrepresentations were made by

defendants; that plaintiff was not in any manner or to any extent deceived or misled by the statements of defendants in regard to the property involved in the transactions between them; that plaintiff did not rely, in making the trade, on any statements of defendants, and was not influenced thereby, and that the conditions and relations existing at the time of the trade, with reference to the parties and to the property, the knowledge of it possessed by the plaintiff or the means of obtaining such knowledge then afforded, were such as to effectually debar the plaintiff from any complaint of the nature of this, the foundation of the present action. The evidence was conflicting, but there was sufficient to sustain the finding of the trial judge, that fraud and misrepresentation on the part of the defendants had not been shown. (*Dirkson v. Knox, supra.*) This being true, the finding will not be disturbed and the judgment of the district court is

AFFIRMED.

IRVINE, C., took no part in the decision.