ROBERT M. SWINDELL, APPELLANT, V. CHARLES MALONE, APPELLEE.

FILED DECEMBER 10, 1910. No. 16,234.

Appeal: REVIEW. Where the evidence discloses no right of action in the plaintiff, errors at the trial will not be considered in this court.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*R. L. Keester,* for appellant.

*John Everson* and *J. G. Thompson, contra.*

LETTON, J.

This action was brought to recover for expenses incurred in threshing two-thirds of a crop of wheat. Liabilty was denied, and a counterclaim was presented for wheat sold to plaintiff.

The plaintiff, Robert M. Swindell, who is the owner of a section of land in Harlan county, and L. L. Swindell are father and son. The father testifies that in October, 1906, he leased this land to his son for one-third of the crops raised thereon; that in 1906 and 1907 the defendant Malone farmed the land; that early in the threshing season of 1907 Malone and his son threshed out a portion of the crop and Malone took all that was threshed; that he refused to thresh the remainder of it; that the plaintiff, then using his son's machinery, threshed the remainder of the wheat, paying $76 for board and wages of the men that he employed for this purpose. On cross-examination he testifies that he had no authority or permission from his son to thresh the wheat, and that he threshed out and hauled to the elevator 2,130 bushels and 20 pounds.

L. L. Swindell testifies that he leased the land from his father and that he rented it to Malone; that "he was to

have one-third and I was to have one-third, and we were to give father one-third. I was to furnish the machinery and the horses and feed, and he was to do all the work and board himself." He further says that later he made an agreement with Malone whereby he was permitted to remove his stock and Malone was to finish the threshing, he agreeing to furnish an engineer and to pay Malone for tending the separator. The testimony of Malone is practically the same, except that he says that L. L. Swindell did not furnish the teams as agreed, and that when he left he wanted the defendant to thresh the remaining wheat, and said he would pay him for it, but Malone says he refused to do so because he was afraid he would not get his pay.

The jury found against the plaintiff and for the defendant for the amount of his counterclaim. The plaintiff contends that Malone was a subtenant of his son and was bound by the terms of the lease, that the agreement between Malone and L. L. Swindell was an assignment of the lease to Malone, and that the contract was made for the benefit of plaintiff, who had the right to bring action upon the promise made for his benefit in his own name. He also assigns error in giving a number of instructions.

We find it unnecessary to consider the assignments of error made by the plaintiff. The undisputed evidence shows that the plaintiff received not only his entire one-third of the crop, but that he also appropriated and hauled to an elevator the one-third of the wheat crop which belonged to his son, the whole amount being over 2,130 bushels. So far as shown, he has received the proceeds of all this, and has never accounted for any of it. If he has been put to extra expense in the collection of the rent from his son by way of payment for the board and wages of the men employed in threshing, he has the remedy in his own hands. No privity has been shown between Robert M. Swindell and Malone, and Malone positively denies any agreement to carry out young Swindell's contract with his father. The testimony of both the Swindells, taken together and uncontradicted, fails to disclose any cause of

action against Malone, while the liability for wheat purchased from him is admitted.

The district court would have been justified in refusing to submit the plaintiff's case and in directing a verdict for defendant for the amount of his counterclaim. No other judgment than that rendered could be upheld, and it is therefore

AFFIRMED.