## ZALAC, Respondent, *v.* BARICH et al., Appellants.

### (No. 4,189.)

(Submitted September 22, 1920. Decided October 27, 1920.)

[193 Pac. 58.]

*Work and Labor—Evidence—Sufficiency—Appeal and Error— Conflict in Evidence.*

Work and Labor—Evidence—Sufficiency.
    1. In an action for services rendered by plaintiff as cook and servant girl, in which defendants claimed that there was no agreement to pay plaintiff any wages, but that in return for such services as she might render they were to furnish her a home, clothing, entertainment, education, *etc.*, evidence *held* sufficient to support a judgment for plaintiff.
    [As to when payment is due under contract to render services silent as to time of pay, see note in 2 A. L. R. 522.]

Appeal and Error—New Trial—Conflict in Evidence—Affirmance of Judgment.
    2. An order denying a motion for new trial will not be reversed where the verdict of the jury and judgment of the court are based on substantially conflicting evidence.

*Appeal from District Court, Lewis and Clark County; Wm. H. Poorman, Judge.*

Action by Minnie Zalac against Joseph and Margaret Barich. Judgment for plaintiff. Defendants appeal from the judgment and an order denying a new trial. Affirmed.

*Mr. J. P. Donnelly,* for Appellants, submitted a brief.

The verdict of the jury is based upon guesswork, conjecture and speculation. "Where the evidence is so insufficient that the verdict must result on guesswork and conjecture, the court should set it aside." (*Gleason* v. *Missouri River Power Co.,* 46 Mont. 395, 128 Pac. 586.) "Verdicts may not be returned based upon suspicion, conjecture or probabilities. There must be some substantive concrete evidence to support it." (*Shaw* v. *New Year Gold Mines Co.,* 31 Mont. 138, 77 Pac. 515; *Olsen* v. *Montana Ore Purchasing Co.,* 35 Mont. 400, 89 Pac. 731; *McHatton* v. *Girard,* 41 Mont. 387, 109 Pac. 704.) The great weight of the evidence and all the conceded facts and circumstances of the case, and all the reasonable inferences and probabilities, are contrary to the verdict as rendered by the jury. "It is undoubtedly the duty of an appellate court to award a new trial where the verdict, though not entirely without evidence to support it, is so utterly at variance with the real and unexplained facts as that the court can say it is clearly wrong." (*Roberts* v. *Agnew* (Tex. Civ. App.), 103 S. W. 1178; *McAllister* v. *McDonald,* 40 Mont. 375, 106 Pac. 882; *Wunderlich* v. *Palatine Fire Ins. Co.,* 104 Wis. 395, 80 N. W. 471.)

*Mr. E. D. Phelan,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

The complaint alleges that between the nineteenth day of February, 1910, and the 19th of June, 1916, at the special instance and request of defendants, the plaintiff rendered services to them, as cook, housekeeper and servant girl, of the reasonable value of $25 per month, for which they agreed to pay a reasonable wage, and that only $334 of the $1,566 alleged to be due plaintiff has ever been paid.

The answer consists of a general denial, supplemented by affirmative allegations to the effect that, in consideration for

the services rendered by plaintiff, defendants agreed to and did furnish plaintiff with a home, and treated her and cared for her as their own child; that the plaintiff was informed and understood that, if she desired to work for wages elsewhere, she was at liberty to do so, because defendants could not afford to pay her any wages or salary, but that plaintiff preferred to remain with defendants and enjoy the benefits of the home so provided, and that, in addition to the home, "defendants expended a sum of money in so providing a home, rendered entertainment and education for said plaintiff, vastly in excess of the sum demanded by plaintiff in her complaint." Upon these issues a trial was had, resulting in a verdict for plaintiff in the sum of $750. This appeal is from the judgment and an order denying defendants a new trial.

Refusal of the trial court to grant defendants a new trial is the principal ground urged upon this appeal, the contention of appellants being that the proof offered by the plaintiff failed to establish the date upon which the agreement was made, and that, for that reason, the verdict is based upon guesswork, conjecture and speculation, and ought not to be permitted to stand.

So far as the overruling of the motion for a new trial is [1] concerned, it is only necessary to say that the evidence given by plaintiff was sufficient to convince the jury of the truth of the allegations of her complaint, to the effect that she came to the home of the defendants at East Helena from Austria, in February, 1910; that she lived with them for a period of nearly seven years, during all of which time she performed the usual household duties, including washing dishes, doing the family washing, scrubbing the floors, milking the cows, delivering milk in the neighborhood, assisting Mrs. Barich, the wife of her codefendant, Joseph Barich, in the cooking and other work necessary to carry on a boardinghouse, and during the first year after her arrival at the home of defendants assisting them in the building of a house adjoining their residence; for all of which the defendants agreed

to pay a reasonable wage. It is not disputed that the defendants sent plaintiff a ticket upon which to travel from Austria to their home at East Helena, at a cost to them of $104, gave her as spending money about $30, and provided wearing apparel at a cost of about $200, during the period covered by the pleadings, amounting in all to about $334, between the time she arrived at the home of defendants from Austria and left it to get married.

On behalf of defendants evidence was adduced in support of the affirmative allegations of their answer. They themselves testified that they never promised or agreed to pay plaintiff any wages, but that it was agreed between them that plaintiff should make her home with defendants and live with them as long as it was mutually agreeable, without any compensation other than the benefits afforded by the home so provided her, including her clothing, entertainment and education, the value of which was far in excess of the amount demanded by her as wages, and that, as a consequence thereof, defendants owed her nothing.

The district court, in passing upon the sufficiency of the evidence to sustain the verdict, refused to grant defendants a new trial, and thereby signified its conclusion that the plaintiff had made out a case entitling her to the verdict she received at the hands of the jury, and that the defendants had failed to overcome the preponderance of the evidence found by the jury to exist in favor of the plaintiff.

From a careful review of the testimony given to support [2] the respective theories urged by the parties, it is apparent to us that there was a substantial conflict in it, and enough competent proof to uphold the judgment awarded the plaintiff. As has been many times announced by this court in cases presenting the condition now confronting us, the verdict of the jury and the judgment of the district court, attacked upon the ground that the evidence was insufficient to justify them, cannot be disturbed. (*Baxter* v. *Hamilton,* 20 Mont. 327, 51 Pac. 265.)

No error is assigned touching the competency of the proof admitted upon the trial, nor in the instructions given. The jury and the trial court had before them the witnesses, observed their demeanor upon the stand, the probability of the truth of their respective stories, and upon the whole case have accepted the plaintiff's account of the transaction. Appellants have failed to convince us that a different result ought to have been reached. We are therefore constrained to affirm the order and judgment appealed from.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HURLY concur.