INTERNATIONAL HARVESTER CO., APPELLANT, *v.*
MERRY ET AL., RESPONDENTS.

· (No. 4,341.)

(Submitted April 14, 1921. Decided July 1, 1921.)

[199 Pac. 704.]

*Promissory Notes—Foreclosure of Mortgages—Pleading and
Practice—Inconsistent Defenses—Election of Remedies—*
*Waiver—Compromise and Settlement—Actionable Fraud—*
*Breaking of Promise—Intent.*

Promissory Notes—Pleading—Inconsistent Defenses—Election of Remedies.
1. Where, in an action on a promissory note and to foreclose a
mortgage, defendants denied generally the making and delivery of
the instruments, and in two special defenses alleged affirmatively that
they were in fact executed and delivered to plaintiff, and in a third
pleaded fraud, the pleading was so incongruous as to require them
to elect upon which defense they intended to rely, under the rule that
while inconsistent defenses may be pleaded, they must not be so
incompatible with each other that if one be true, the other must
of necessity be false.

Same—Inconsistent Defenses—Waiver of All Defenses Pleaded, When.
2. *Held*, under the condition of the answer set forth in paragraph 1
above, that the statements of defendants' counsel that they would
waive all special defenses except that of fraud, and, upon an
adverse ruling upon the sufficiency of the latter defense, that they
would rest, amounted to a waiver and abandonment of all the other
defenses pleaded.

Same—Compromise and Settlement—Answer—Readiness and Ability to
Perform.
3. Where settlement and compromise are alleged in answer to
a complaint on a promissory note, whereby plaintiff harvester com-
pany was to take back a plowing outfit, defendants to pay plaintiff
a certain sum, it was incumbent upon defendants to plead their readi-
ness and ability to perform their part of the undertaking.

Fraud—Breaking of Promise—Intent.
4. The mere making of a promise which the promisor fails to keep
does not constitute actionable fraud, intention not to keep it when
it was made, being necessary to constitute the promisor's action
fraudulent, under section 4978, Revised Codes.

*Appeal from District Court, Prairie County, in the Sixteenth
Judicial District; Jos. C. Smith, a Judge of the Fifth District,
presiding.*

---

1. Right to plead inconsistent defenses, see note in **Ann. Cas.** 1917C,
705.

[60 Mont. 498.]

ACTION by the International Harvester Company against Myra Day Merry and others. Judgment for plaintiff. From an order granting new trial, plaintiff appeals. Reversed.

*Mr. Stephen J. Leahy, Mr. Albert Anderson* and *Messrs. Miller, Zuger & Tillotson,* submitted a brief in behalf of Appellant; *Mr. Andrew Miller,* of the Bar of Bismarck, North Dakota, argued the cause orally.

A new trial was granted solely on the naked legal ground that, apart from the pretended defense of fraud which was held insufficient, and apart from the defenses specifically waived in open court, there still remained one or more defenses pleaded by general denial in the answer, under which defendants could offer proof.

The question is: After having waived all affirmative defenses except fraud, and the court having held the alleged defense of fraud bad, were there left any defenses covered by a general denial under which defendants could introduce evidence? Appellant contends not, because the law is that a general denial is always qualified or limited by any admission or inconsistent allegations in the pleading. (*Hannem* v. *Pence,* 40 Minn. 127, 12 Am. St. Rep. 717, 41 N. W. 657; *Rhinehart* v. *Whitehead,* 64 Wis. 42, 24 N. W. 401; *Dickson* v. *Cole,* 34 Wis. 621; *Butler* v. *Kaulback,* 8 Kan. 668; *Seattle National Bank* v. *Jones,* 13 Wash. 281, 48 L. R. A. 177, 43 Pac. 331; *Baird* v. *Morford,* 29 Iowa, 531.) If it should be suggested that the authorities above cited are not in harmony with other authorities, holding that admissions in inconsistent, separate defenses in one plea, under our Code, may not be used to destroy the effect of another plea, we respectfully call the attention of the court to the fact that the point in this case is not whether an admission in one separate affirmative defense may be used to destroy the effect of another separate affirmative defense, nor whether an admission in an affirmative defense may be used to destroy a general denial; for although the trial court, in its order granting the new trial herein, in-

timated and stated that the amended answer herein contained a general denial, such intimation is erroneous. The amended answer contains a qualified general denial, denying only the matters and things not expressly admitted, qualified or denied, and is as follows: "9. That these answering defendants deny generally and specifically each and every allegation, matter and thing contained in plaintiff's complaint filed herein not in this amended answer expressly admitted, qualified or denied." The rule is that a qualified general denial does not place in issue those allegations of the complaint which are admitted in other paragraphs of the answer. (*Kennedy* v. *Dennstadt,* 31 N. D. 422, 154 N. W. 271; *Branthover* v. *Monarch Elevator Co.,* 33 N. D. 454, 156 N. W. 927.) Appellant contends that every defense that could possibly be covered by a general denial is waived by specific admissions in other parts of the pleading.

*Messrs. Loud & Leavitt,* for Respondents, submitted a brief; *Mr. Chas. H. Loud* argued the cause orally.

Counsel for appellant make the claim that the defendants were not entitled to introduce any proof under their denial because there are some statements in the affirmative defense in their answer whereby the denial of the delivery contained in the first defense of respondents' answer would be overcome. Even admitting for the sake of argument that statements contained in a special defense full and complete in itself can be used as an admission to affect denials or allegations contained in another separate defense, full and complete in itself, we contend that there are no statements in the affirmative defense that in anywise contradict the position taken by the respondents that no delivery of the note and mortgage had been made, for the reason that it is apparent therefrom that there was no such intention to deliver the note and mortgage as is contemplated by the provisions of section 5864 of the Revised Codes. If there was a delivery of these documents, such delivery was made by reason and on account of the

fraudulent representations set forth in such defense. In this state inconsistent defenses may be interposed by the defendant, provided they are not so inconsistent that if the allegations of one are true the allegations of the other must of necessity be false. (*Johnson* v. *Butte & Superior Copper Co.,* 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057; *O'Donnell* v. *City of Butte,* 44 Mont. 97, 119 Pac. 281.) Judging the pleading in question by this rule, we do not find any such inconsistency in the allegations of the special defense as would render these allegations destructive of the general denial contained in the answer so as to change this denial into an admission.

Assuming for the sake of argument that the respondents were not entitled to introduce any proof under the general denial, and that the court in granting a new trial and basing its action upon the supposed error in the exclusion of this testimony was wrong, still we insist that the court's action was correct in the premises although a wrong reason was given therefor. This court has several times held that it is the duty of the court in cases of this character to examine into all of the errors of law specified, and if it appear from the whole record that the new trial was not improperly granted, the order will be affirmed. (*Menard* v. *Montana Cent. Ry. Co.,* 22 Mont. 340, 56 Pac. 592; *Melzner* v. *Trucano,* 51 Mont. 23, 149 Pac. 365; *Stephens* v. *Conley,* 48 Mont. 363, Ann. Cas. 1915D, 958, 138 Pac. 189; *City of Butte* v. *Goodwin,* 47 Mont. 155, Ann. Cas. 1914C, 1012, 134 Pac. 670; *Berry* v. *Badger,* 54 Mont. 224, 169 Pac. 34.)

MR. JUSTICE COOPER delivered the opinion of the court.

This action was brought to enforce payment of a promissory note in the sum of $4,437.77, and to foreclose a mortgage upon the real estate of defendants, situated in Custer county.

The complaint alleges that defendants have failed to pay the principal or interest due thereon, except the sum of $128.20 indorsed on the note. The answer denies that the note and

mortgage were ever delivered to plaintiff, or that it now possesses or owns the same, or that the sum of $128.20 is the full amount to which credit should be given them thereon. Affirmatively defendants allege that on September 14, 1912, they purchased an engine and plowing outfit from plaintiff for the sum of $3,750, and gave a note to evidence the debt which they secured by a mortgage upon their real estate above mentioned. They further allege that the note and mortgage in suit are renewals of the original obligations, and that William A. Bell, acting as agent for the plaintiff, with intent to cheat and defraud them out of their land, falsely and fraudulently promised and represented to them that, if they would redeliver the engine and plowing outfit to him, as plaintiff's agent, and pay him the sum of $1,250, "as soon as they could negotiate a loan" upon their said real estate, the plaintiff would return all their written obligations to them, satisfy them, and defendants would then be released from further liability thereon; that, in furtherance of his purpose, he fraudulently represented to defendants that the only purpose in obtaining the renewal note and mortgage was to satisfy the plaintiff's Chicago office of their good intentions to insure the settlement, and to comply with a rule of that office in transactions of that nature. The same compromise agreement is pleaded in another distinct defense without any averment that fraud was resorted to for the purpose of inducing its making or delivery. As other matters of defense, it is alleged that defendants performed services for a person acting as agent for the plaintiff, for which they were not allowed proper credit, and that the quality and capacity of the machinery were insufficient for the work for which they were sold to them. The prayer of the answer is that judgment be given for the defendants, and that all their obligations to plaintiff be canceled and annulled. The reply consists of general denials of all the affirmative matters of defense.

Upon the trial the plaintiff offered evidence to show the [1, 2] execution and delivery of the note and mortgage set

forth in the complaint, that it was the owner thereof, and that the only amount paid thereon by defendants is the sum of $128.20 as alleged. The plaintiff then rested, and Dennis R. Merry was sworn, and testified that he was one of the defendants, and gave his name. Whereupon counsel for plaintiff objected to the introduction of any evidence in support of the allegations of fraud, because of their insufficiency to charge actionable fraud, or new matter that would amount to a counterclaim; and that it was an attempt to vary the terms of a written contract. Mr. Leavitt, of counsel for defendants, then stated that they would waive all special defenses except the special defense of fraud. The court then sustained plaintiff's objection, and, upon request of counsel, defendants were given sixty days within which "to prepare, serve, and file a bill of exceptions." Mr. Leavitt then said: "In view of the court's ruling, the defendants rest." Responding to the direction of the court in that behalf, the jury returned a verdict for plaintiff in the amount claimed, and judgment was rendered and entered accordingly. This appeal is from the order of the district court granting a new trial.

Plaintiff's position is that the statements of counsel that defendants would waive "all special defenses except the special defense of fraud," and, after the court had overruled the defense of fraud, that defendants would rest their case, amounted to a waiver and abandonment of all the other defenses pleaded. The contention of counsel must be sustained. The affirmative defenses are so at variance with the general denials that both cannot be true. By the rule announced in *O'Donnell* v. *City of Butte,* 44 Mont. 97, 119 Pac. 281, a defendant may plead as many inconsistent defenses as he may choose, but they must not be so incompatible with each other that if one is true the other must be false. The answer denies the making or delivery of the note and mortgage, and, in two separate and distinct affirmative defenses, directly alleges that they *were* in fact executed and delivered to plaintiff. The incongruity of a pleading which denies matter in one paragraph, makes the

same thing a full and substantive defense in another, and in still another impugns the entire transaction as fraudulent and deceitful, is too palpable to admit of argument, and furnishes ground enough to compel the pleader to elect upon which allegation he intends to rely upon the trial. Otherwise the opposing party cannot know, until the case is made out against him, what proof he is called upon to rebut. A situation so dubitable was enough to perplex both court and opposing counsel, and in all probability induced the court to change its mind and grant a new trial. The effect of counsel's statement, waiving all special defenses except the special defense of fraud, and later, upon an adverse ruling upon the sufficiency of his defense of fraud, announcing that defendants would rest, was tantamount to an admission that he had no other defense to offer, and would therefore accept the ruling of the court.

[3] The note and mortgage set forth in the complaint were renewals of the obligations given as security for the purchase price of the machinery in the first place. Their cancellation could not, and would not, in view of the admission that the machinery had been in the possession of defendants ever since its purchase, and had been used by them for a period of four years, serve to discharge the original obligation nor restore the parties to their original status. Assuming the truth of their allegations that a settlement and compromise were effected whereby the plaintiff was to take back the engine and plowing outfit and defendants were to pay plaintiff the sum of $1,250 as a consideration therefor, without a showing of their readiness and ability to perform their part of the undertaking, that defense was not maintained. (*Holton* v. [4] *Noble*, 83 Cal. 7, 23 Pac. 58.) The mere making of a promise which the promisor fails to keep does not constitute actionable fraud. (*Rheingans* v. *Smith*, 161 Cal. 362, Ann. Cas. 1913B, 1140, 119 Pac. 494; *Hickman* v. *Johnson*, 36 Cal. App. 342, 178 Pac. 145.)

There being no allegation in the answer, nor proof that Bell did not intend to keep his promise to cancel and return

the papers to defendants, and no offer by defendants to perform their part of the settlement agreement by payment of the money, a defense upon that ground is not sustained. The ruling of the trial court was correct. (Rev. Codes, sec. 4978.) The verdict and judgment should have been allowed to stand.

The order granting a new trial is reversed, with directions to set it aside.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.