THE HON. HENRY L. MYERS,  
THE HON. ALBERT P. STARK,  
THE HON. JOHN A. MATTHEWS, } Associate Justices.  
THE HON. ALBERT J. GALEN,

---

CUCKOVICH, RESPONDENT, *v.* BUCKOVICH, APPELLANT.

(No. 6,265.)

(Submitted February 14, 1928. Decided March 2, 1928.)

[264 Pac. 930.]

*Fraud—Sale of Corporate Stock—Promise Made Without Intention of Keeping It—Lack of Evidence of Fraudulent Intent in Promisor—Failure of Proof—Burden of Proof—Presumptions.*

Fraud—Burden of Proof.
  1. In an action for damages for fraud, brought under subdivision 4 of section 7480, Revised Codes, 1921, the complaint in which charged that defendant induced plaintiff to buy corporate stock under the promise, made without any intention of keeping it, that if the stock was not worth a certain sum within six years, he would return to him the purchase price, plaintiff had

the burden of proving, inter alia, that defendant made the promise and that, when he made it, he had no intention of performing it, under the rule that a party plaintiff must prove every material allegation of his complaint.

Appeal—Verdict Based upon Conflicting Evidence not to be Disturbed on Appeal, When.
2. On appeal, a verdict based upon sharply conflicting evidence will not be disturbed if there be sufficient evidence to justify it, especially when it has been approved by the trial court by refusal to grant a new trial.

Fraud—Law Presumes Good Faith—Fraud Never Presumed.
3. The law presumes good faith and that when one, charged with making a fraudulent promise, made it, intended to perform it; it never presumes fraud, but the burden of proving fraud is on the party alleging it.

Same—If Promise Made in Good Faith at Time of Making. It, Fraud not Worked by Subsequent Change of Mind.
4. Where a promise was made in good faith at the time when made, there is no fraud, though the promisor subsequently changes his mind and fails to perform.

Same—Suspicion Insufficient to Prove Fraud.
5. If the motive and design of an alleged fraudulent act may be traced to an honest and legitimate source, equally as to a corrupt one, the former must be preferred; a mere suspicion of fraud being insufficient to prove fraud.

Same—Sale of Corporate Stock—Making Promise Without Intention of Keeping It—Plaintiff must Prove Fraudulent Intent—Failure of Proof.
6. Under the above rules *held*, that, while it may be difficult to prove the fraudulent intent of one making a promise without the intention of keeping it (sec. 7480, subd. 4, Rev. Codes, 1921), one so alleging must prove it, in the absence of any showing on the subject other than that about two years after making the promise defendant made remarks indicating that he then had no intention of performing, the evidence was insufficient to warrant a verdict in favor of plaintiff.

---

2. See 2 Cal. Jur. 921; 2 R. C. L. 194.

3. Burden of proof as to fraud, see notes in 1 Ann. Cas. 809; Ann. Cas. 1912A, 711. See, also, 12 Cal. Jur. 816; 12 R. C. L. 424.

4. See 12 Cal. Jur. 738; 12 R. C. L. 261, 262.

5. See 12 Cal. Jur. 832.

6. Sufficiency of proof of fraud, see note in Ann. Cas. 1912A, 711. See, also, 12 Cal. Jur. 833. Degree of certainty necessary to establish fraud in civil action, see note in 33 L. R. A. (n. s.) 836.

[1] Fraud, 26 C. J., sec. 3, p. 1061, n. 24; 27 C. J., sec. 165, p. 40, n. 12; sec. 178, p. 48, n. 3. Pleading, 31 Cyc., p. 674, n. 34.

[2] Appeal and Error, 4 C. J., sec. 2841, p. 866, n. 52.

[3–6] Fraud, 26 C. J., sec. 25, p. 1090, n. 63; 27 C. J., sec. 170, p. 44, n. 57; sec. 181, p. 52, n. 38; sec. 200, p. 67, n. 14; sec. 205, p. 71, n. 43.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

ACTION by John Cuckovich against Sam Buckovich. Judgment for plaintiff and defendant appeals. Reversed and remanded, with direction.

*Mr. Joseph J. McCaffery* and *Mr. J. F. Sullivan,* for Appellant, submitted a brief; *Mr. Sullivan* argued the cause orally.

*Mr. H. J. Freebourn,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action for damages for alleged fraud. Defendant sold to plaintiff and, through and of defendant, plaintiff purchased one-hundred shares of stock in an oil company, at the price of $5 per share, for which, at the time, plaintiff paid defendant $500, in cash. That was done, September 22, 1919.

The gist of the action, as alleged by plaintiff, is two representations, made to him, as a part of the transaction, by defendant: (1) That the price of the stock had risen from $5 per share to $7 per share; (2) that within six years the shares would be worth and could be sold for $100 per share and, if plaintiff would buy the one-hundred shares, at $5 per share, and if they should not be worth $100 per share, within six years, defendant then would return to plaintiff $500, with interest at eight per cent. thereon.

The complaint makes the usual allegations that the representations were false and were known to defendant to be false and were intended to induce plaintiff to act and that plaintiff believed and relied upon and was deceived by them and because thereof bought and paid for the shares. It is alleged that when defendant made the representation that if, within six years, the shares should not be worth $100 per share he

would return to plaintiff $500, with interest, he made a promise which he had no intention of performing.

Plaintiff alleges further that the shares did not, within six years or at any time, become worth $100 per share but at the end of six years were worth only thirty cents per share; that, May 3, 1926, plaintiff offered to return to defendant the shares purchased and demanded of defendant the return to him of $500, with interest at the rate of eight per cent. per annum, but defendant refused to take the shares and refused and failed to return to him $500 or any part thereof or to pay him any interest. Plaintiff alleges damages in the sum of $500, with interest at the rate of eight per cent. per annum from September 22, 1919, and asks judgment therefor.

Defendant answered and, in his answer, denies all allegations of the complaint except that he refused to take the shares and refused and failed to return to plaintiff any money or pay him any interest. Those allegations he admits.

As an affirmative defense, defendant alleges the action is barred by the statute of limitations. A reply denies that the action is barred.

Trial with a jury was had. A verdict for $500, without interest, was returned in favor of plaintiff and judgment in accordance therewith was rendered. Defendant moved for a new trial. The motion was denied and defendant appealed from the judgment. Several specifications of error are assigned. One of them is that the evidence is insufficient to support the verdict. We consider it first.

While the complaint alleges two misrepresentations by defendant, under cross-examination plaintiff testified repeatedly that the only reason he bought the shares was because defendant told him the stock would go to $100 per share, within six years, and, if it should not, defendant would return to him his money, with interest, and because he relied on that statement. His testimony, upon direct examination, too, tends to the same effect. Nowhere is it shown he said he relied at all upon the statement, alleged to have been made, that the shares had risen, in value, from $5 to $7 per share nor that that state-

ment influenced him to buy.  Furthermore, there is no evidence that that statement was false; it is so pleaded but not proven.

Thus, by his testimony, plaintiff eliminated from the case [1] the alleged statement of defendant about the value of the shares and left, as his only reliance, the alleged promise of defendant to reimburse him, if the shares should not be worth $100 per share, within six years.  That part of the action, the only part left to be considered, is based upon subdivision 4 of section 7480, Revised Codes, 1921, defining actual fraud as, among other things, a promise made without any intention of performing it.  As to that it was obligatory upon plaintiff to allege and he did allege not only that defendant made the promise but that, when he made it, he had no intention of performing it.  Undoubtedly, an action for actual fraud may be based upon that sectional subdvision, above mentioned, but, to maintain it, all essential elements must be proven, as well as alleged.

Therefore, the burden was upon plaintiff to prove, by a preponderance of the evidence, (1) that defendant made the promise and (2) that, when he made it, he had no intention of performing it; also, incidentally, that it was intended to induce plaintiff to act, that plaintiff believed and relied upon it, that because thereof he invested, that the shares did not attain a value of $100 per share, that plaintiff offered to return the shares to defendant and demanded return of his money and that defendant failed to pay it or any part of it; all such matters being appropriately alleged by plaintiff.  Plaintiff elected, whether necessary or not, to allege and prove offer to return to defendant the shares purchased and he did prove it.  Each party must prove his own material allegations.  (Sec. 10530, Rev. Codes, 1921.)  Every material allegation of a complaint must be proven.  (31 Cyc. 674.)

It is manifest there is ample evidence to prove each of the foregoing stated matters, except the allegation, a most essential one, that, when defendant made his promise, he had no intention of performing it and, consequently, in analyzing the [2] evidence, we now address ourselves particularly to that

point. In proceeding to discuss the evidence on that point, we bear in mind the rule that, upon appeal, a verdict based upon sharply conflicting evidence will not be disturbed, if there be substantial evidence in behalf of the prevailing party, sufficient to justify the verdict (*Robinson* v. *F. W. Woolworth Co.,* 80 Mont. 431, 261 Pac. 253); especially, when a verdict based upon such evidence has been approved by the trial court, by refusal to grant a new trial. (*Zalac* v. *Barich,* 58 Mont. 428, 193 Pac. 58.) However, there must be some substantial evidence for the prevailing party. (*Casey* v. *Northern Pac. Ry. Co.,* 60 Mont. 56, 198 Pac. 141.) Without some evidence, there cannot be a conflict of evidence.

In this case, the record fails to disclose a particle of evidence [3-6] to prove or tending to prove that, when defendant made his promise, he had no intention of performing it. The evidence in the case is scant. Plaintiff testified to the promise, his reliance upon it, his investment, the failure of the shares to become worth $100 per share, his offer to return the shares, demand for the return of his money and failure of defendant to return it or any part of it. Plaintiff's testimony, however, does not shed a particle of light upon whether or not defendant, at the time he made the promise, intended to perform it. Plaintiff's testimony leaves us totally in the dark, upon that point, except for the presumption of law that when defendant made the promise he intended to perform it. That is the presumption. Good faith is presumed; fraud is never presumed. The burden of proving it is on the party alleging it. (16 Cyc. 1082, and cases cited; *Harrison* v. *Riddell,* 64 Mont. 466, 210 Pac. 460.) The foregoing narrates all plaintiff had to say, as to the promise.

Elmer Binder, a witness for plaintiff, testified that, about November 1, 1919, about forty days after the date of the promise (September 22, 1919), defendant told him that he had sold plaintiff the shares and said, "I guaranteed John [plaintiff] that stock will be so much or I will give him back his money, with interest." That establishes the promise but gives no hint that, at the time of making it, defendant had no

intention of performing it. So far as shown, it was defendant's first utterance, on the subject, after the making of the promise, and it would rather indicate that he did intend to keep his word and perform and that he made the promise in good faith. Binder testified further that, later and about August 15, 1921, nearly two years after the making of the promise, in discussing the matter, he said to defendant: "You said you guaranteed Cuckovich and he is liable to hook you, any way," and that defendant replied: "That's all right, he hasn't got any witnesses." Elaborating, Binder testified still further that, upon that occasion, defendant said: "I don't care, my word is as good as his, he hasn't got any witnesses."

Together with the fact that defendant refused to return to plaintiff any money, that is all the evidence that could have any possible bearing upon the intention of defendant with regard to his promise. As for the testimony of Binder, last referred to, it tends to prove that, at the time of the last conversation with defendant, August 15, 1921, defendant had then no intention of performing his promise but rather that he intended then to breach it, if any liability should accrue, but that sheds no light on whether or not he intended to perform the promise when he made it, nearly two years before. Meantime, he might have changed his mind. Meantime, too, he had discussed his promise without any indication of not intending to perform it. If a promise be made in good faith there is no fraud, though the promisor subsequently changes his mind and fails to perform. (12 R. C. L. 262.)

That leaves, as plaintiff's only support, the fact that defendant refused to return to plaintiff his money. Standing alone, that is no evidence of what was defendant's intention more than six and a half years before. (*International Harvester Co.* v. *Merry,* 60 Mont. 498, 199 Pac. 704; *Nelson* v. *Shelby Mfg. & Imp. Co.,* 96 Ala. 515, 11 South. 695; *Mid-Continent Life Ins. Co.* v. *Pendleton,* —— Tex. Civ. App. ——, 38 Am. St. Rep. 116, 202 S. W. 769; 27 C. J. 52.) If the motive and design of an act may be traced to an honest and legitimate source, equally as to a corrupt one, the former ought to be

preferred. (*Kenosha Stove Co.* v. *Shedd,* 82 Iowa, 540, 48 N. W. 933; *Ley* v. *Metropolitan Life Ins. Co.,* 120 Iowa, 203, 94 N. W. 568.) A mere suspicion of fraud is not sufficient. (*Harrison* v. *Riddell,* supra.) So far as we know, from the record, defendant, at the time he made his promise, may have intended to perform it; it is presumed he did; there is nothing to show to the contrary. We realize it is very difficult sometimes to prove the state of a man's mind at a particular time but we are not responsible for that. It was necessary for plaintiff to do so in this case. If he had no evidence available, that is his misfortune.

We hold there is no evidence to show that when defendant made his promise he had no intention of performing it. That is a vital element of plaintiff's case. Hence, the evidence is insufficient to sustain the verdict and the court should have instructed the jury to return a verdict for defendant, as requested by defendant, the court's failure to do so being the basis of another specification of error.

Having arrived at that conclusion, it is not necessary to discuss any of the other specifications of error. For the reasons we have stated, the judgment is reversed and the cause is remanded, with direction to the district court to dismiss it.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.

Rehearing denied March 22, 1928.