JACOB LEICHNER, APPELLANT, V. FIRST TRUST COMPANY OF LINCOLN, APPELLEE.

274 N. W. 475

FILED JULY 6, 1937. No. 29851.

*Edward C. Fisher* and *George I. Craven,* for appellant.

*Hall, Cline & Williams, contra.*

Heard before GOSS, C. J., DAY, PAINE and CARTER, JJ., and TEWELL and YEAGER, District Judges.

TEWELL, District Judge.

The plaintiff's petition contains two causes of action. In each cause rescission of an oral contract is sought. Fraudulent representations on the part of the defendant's agent is alleged to have induced the purchase contracts involved. From a verdict and judgment in favor of the defendant in each cause, the plaintiff appeals.

By the contract involved in the first cause, the plaintiff purchased from the defendant, on July 3, 1929, one bond in the principal sum of $1,000, and by the contract involved in the second cause he purchased from the defendant, on July 23, 1929, two bonds in the total principal sum of $1,500. Payment of all bonds involved in both causes

is secured by a deed of trust in which the defendant is named as trustee. This trust deed creates a first lien upon the Nebraskan Hotel and the five lots upon which it stands in Superior, Nebraska. It and the bonds were executed by the Turner Hotel Company, a corporation, for the purpose of securing funds for the erection of the above-mentioned hotel. The bonds secured by this deed of trust are real estate mortgage bonds that are made payable to bearer, the principal sums of which total the sum of $60,000. One Andrew Suffa, assistant secretary of the defendant company, acted as an agent of the defendant in the case of each of the two sales to the plaintiff. The fraudulent representations alleged are that Suffa told the plaintiff, at the time of each purchase, first, that "the bonds are as good as gold," second, that "the security for the payment of the bonds is good," and, third, that "at any time the plaintiff wanted his money back he had simply to bring in said bonds to the company and that the defendant trust company would repurchase the same and give him back his money with interest and without any trouble or difficulty whatsoever." No representations of Suffa other than the three above outlined are alleged to have been fraudulent. In addition to these representations, all other elements of fraud are pleaded. A confidential relationship between Suffa and the plaintiff and an intent existing at the time of each sale not to perform the promise to repurchase are both alleged in each cause. The reasons for recovery being identical in each cause, the two causes are hereinafter discussed as if pleaded in one cause.

The assignments of error set forth in the appellant's brief are twenty in number. Of these, two relate to instructions given by the court to the jury, three to the failure to give the jury instructions requested by the appellant, and the rest to alleged error in the admission of evidence. No complaint is made on account of any exclusion of evidence offered by the appellant. Error in the admission of evidence or in giving or failing to give instructions to a jury cannot constitute prejudicial error requiring a new

trial, if the judgment rendered is the only judgment justified under the pleadings and the competent evidence introduced. *Swindell v. Malone,* 88 Neb. 90, 129 N. W. 180; *Popejoy v. Burr,* 94 Neb. 52, 142 N. W. 524; 4 C. J. 908. Due to the view we take of the pleadings and evidence in this case, a discussion of any one of the errors relied upon by appellant for a reversal of the judgment of the trial court becomes unnecessary.

An examination of the testimony of the plaintiff discloses that at the time he purchased the bonds involved he knew that their payment was secured by a mortgage on a new building in Superior, Nebraska. He had purchased bonds from the defendant at various times from 1917 to 1929. A bond owned by the plaintiff came due and was paid just prior to July 3, 1929. On that date the plaintiff went to the defendant's place of business to deliver the bond that had been paid and to receive the payment. He desired to reinvest this money in other bonds and asked for a mortgage bond bearing 6 per cent. interest. His purchase of bonds on July 23, 1929, arose in a similar manner. He testified that Mr. Suffa, defendant's agent who sold him the bonds, made no statements whatever relative to the nature of the building conveyed by the trust deed, the cost thereof or the value thereof. That the three representations above enumerated were made by Suffa at the time of each sale is shown by the plaintiff's testimony. The evidence discloses that the building was erected in the year 1929 and the fore part of 1930 at a cost of about $100,000. It was opened for the transaction of business April 14, 1930. No evidence shows that the cost was other than reasonable in amount. Circumstances surrounding the erection of the hotel, such as the population of the city of Superior, the location of the hotel, and the number of railroads and highways extending into such city, fails to disclose other than an honest intent in its erection and in the sale of bonds secured by a first mortgage thereon to aid in its erection. Interest upon all bonds seems to have been paid promptly when due up to at least the payment falling due December

1, 1932. Under the circumstances shown in the record, one could not reasonably find that Suffa at the time of the sale of the bonds involved knew that the representations alleged, assuming that any or all of them were made, were false, or that such representations were made as positive statements without knowledge of whether or not they were true. To say that the bonds were as "good as gold" and that the security for their payment was "good" could not reasonably be construed in this case to amount to more than the expression of an opinion relating to value. Actionable fraud may not be predicated upon the expression of a mere opinion as to value honestly made, under circumstances that do not give another the right to rely thereon. *Aetna Life Ins. Co. v. Rehlaender,* 68 Neb. 284, 94 N. W. 129; 26 C. J. 1131; *Albion Milling Co. v. First Nat. Bank of Weeping Water,* 64 Neb. 116, 89 N. W. 638. The evidence does not show that Suffa knew that any of said representations were untrue. He made no statement importing knowledge on his part. For aught that the record shows, he had full knowledge of all facts existing at the time the bonds were sold. The only evidence from which it might be determined that the alleged representations as to value of the bonds were false is the testimony of one witness for the plaintiff to the effect that, in his opinion, the security for the bonds was not worth to exceed $40,000 at the time of the sale of the bonds, and the fact that payment of interest upon the bonds became delinquent about three years after the bonds were purchased by the plaintiff. The record shows a condition in which Suffa would be justified in believing that the bonds were as "good as gold" and that the security therefor was "good" at the time the bonds were sold. The security for the payment of the bonds is very probably still good. The record does not show otherwise. In an action in which relief is sought on account of fraud, the burden of alleging and proving all of the elements thereof is upon the party seeking such relief. *Davidson v. Crosby,* 49 Neb. 60, 68 N. W. 338; 27 C. J. 44.

The plaintiff alleged in his petition, and now claims,

that a confidential relationship between himself and Suffa existed, and that such relationship, when considered with the representations above enumerated and other facts established, entitles the plaintiff to relief from his contracts. It would unnecessarily extend this opinion to detail the facts and circumstances relied upon to establish such a relationship. Suffice it to say that the record does not disclose any greater confidential relationship than commonly arises from a long but not intimate acquaintance. Perhaps unequal business experience and education is shown, but unequal mentality is not shown. No fiduciary relationship is shown. When relief on account of fraud is sought, the burden of proving the existence of any fiduciary or confidential relationship, or of any unequal footing, is upon him who may allege such a status, and the existence of such a status when proved does not change the position of the burden of proving the existence of all elements of fraud. Such a status may be sufficient to cause fraud in a proved transaction to be inferred and thus to place the burden of going forward with the evidence upon the party charged with fraud. *Miles v. Pike Mining Co.*, 124 Wis. 278, 102 N. W. 555; 27 C. J. 46. The phrases "burden of proof" and "burden of going forward with the evidence" should not be confused. 22 C. J. 67. We find no set of circumstances in this case that casts upon the defendant the burden of showing the fairness of the contracts that plaintiff seeks to rescind.

It is contended by the plaintiff that the alleged agreement to repurchase the bonds at the sale price at plaintiff's election, with an intention never to perform, constituted fraud, entitling plaintiff to relief. This contention was embodied in instruction No. 6 requested by the plaintiff. It has been held by some courts that fraudulent representations inducing a sale that is accompanied by a warranty of the truth of such representations are not such as allow fraud to be predicated thereupon. *Williams Transportation Line v. Darius Cole Transportation Co.*, 129 Mich 209, 88 N. W. 473. The reason given for such a rule is that the

buyer is conclusively presumed to have relied upon the warranty, and that his relief must be sought upon his contract. Whether or not the alleged agreement to repurchase would have a like effect in this action as to the other representations alleged we need not decide. That fraud may be predicated under some circumstances of the making of a promise with a then existing intent not to fulfil such promise has been held by this and other courts. *Cerny v. Paxton & Gallagher Co.*, 78 Neb. 134, 110 N. W. 882, 10 L. R. A. n. s. 640, and note; 12 R. C. L. 261, sec. 28; Annotation 91 A. L. R. 1295. Assuming, but not declaring, that the agreement to repurchase involved herein, if made with a then existing intent not to perform, would be a basis on which to predicate fraud, we look for proof of the existence of such an intent. Sufficient circumstances from which the existence of such an intent reasonably may be inferred are not found in the evidence. The evidence is at least as consistent with a nonexistence of such an intent as with the existence thereof. The law does not presume fraud. The defendant company is not shown to have been financially embarrassed. It at all times was able to repurchase. The evidence does not show that the defendant company or any of its agents had any knowledge of any insolvency of the maker of the bonds. For aught that the record shows, the maker is not insolvent and may pay the bonds on demand. No circumstance other than a subsequent refusal to repurchase is shown from which such an intent might be inferred. More than three years elapsed after the sale before demand for repurchase was made. A severe financial depression had occurred during those years. The evidence is not sufficient to warrant the jury in finding such an intent to have existed. *Maguire v. Maguire*, 171 Minn. 492, 214 N. W. 666; *Cuckovich v. Buckovich*, 82 Mont. 1, 264 Pac. 930; Annotation 91 A. L. R. 1306. While statements found in the opinion in *Federal Finance Co. v. Cass*, 120 Neb. 834, 235 N. W. 579, and other cases therein cited, might seem to indicate that such an evil intent could be inferred from the mere fact of nonperformance, an

examination of those opinions will disclose that circumstances existed other than that of nonperformance from which such an intent could be inferred.

The trial court would have been justified in entering judgment for the defendant without the defendant introducing any evidence. The evidence of the defendant did not aid the plaintiff in making the proof necessary to his recovery. Finding no error prejudicial to the rights of the plaintiff, the judgment of the trial court is

AFFIRMED.